Clark *v.* Holmes.

## ELIJAH CLARK *v.* ORMAN HOLMES.

Inferior courts of special and limited jurisdiction, are confined strictly to the powers conferred upon them, and their proceedings must appear to be within those powers.

When proceeding to exercise their powers, they must have jurisdiction of the person, by means of the proper process or appearance of the party, as well as of the subject matter of the suit; and where they have not such jurisdiction, their proceedings are absolutely void, and cannot afford any justification or protection, and they become trespassers by any act done to enforce them.

C. & L. were duly summoned to answer to M. before a justice of the peace, at his residence. They appeared there on the return day; but neither the justice, who was absent from home, nor M. appeared; and no proceedings were had in the cause. Three days afterwards, L., in the presence of C., and of a witness, but in the absence of the justice, endorsed on a joint and several note of C. & L., found in the office of the justice, his individual confession of judgment thereon, upon which the justice, on the same day, without any continuance of the cause from the return day of the summons, or any declaration filed, rendered judgment in favor of M., against C. & L., for the amount of the note. Execution was afterwards issued thereon, by virtue of which the property of C. was seized and sold. Whereupon, C. having

brought trespass against the justice, it was *held*, that at the time when the judgment was rendered, the justice had no jurisdiction over the person of C., the summons having spent its force on the return day, and the parties being out of court, and the cause discontinued ; and that he was liable to C. in the action.

Where a court has jurisdiction, its proceedings cannot be impeached collaterally; nor, when of record, can there be any proof in opposition to the record.

*Semble*, that this rule applies to the proceedings of a justice of the peace, and to the docket of them which the statute requires of him to keep.

But the rule does not apply to facts relating to jurisdiction; and the jurisdiction of special inferior tribunals, at least, over the person, as well as the subject matter, may be inquired into; and the want of jurisdiction may be shown by evidence, even when it tends to contradict the minutes or docket which those tribunals are required to keep as records of their proceedings.

CASE certified from Livingston Circuit Court. This cause was tried at the November term, 1841, of the Circuit Court, before the Hon. C. W. WHIPPLE, Presiding Judge. The action was trespass *de bonis asportatis.* Plea, general issue. It appeared on the trial that the plaintiff and one Daniel Lane were duly served with a summons, at the suit of one Sandford Murray, to appear before the defendant, who was a justice of the peace, at his residence, on the 9th of November, 1839. They appeared according to the mandate of the summons, and Lane remained at the house of the defendant for over two hours. But Murray did not appear; neither did the defendant, who was absent from home; and no proceedings in the cause were had, therefore, on that day. No declaration was ever filed in the case. Afterwards, at the house of the defendant, but in his absence, Lane endorsed on the back of a note found there, made by himself and the plaintiff, jointly and severally, due October 1, 1839, and payable to Elisha Haines or bearer, for $39, the following confession of judgment: " I hereby confess judgment on the within note for thirty-nine dollars. Nov. 12, 1839." (Signed) *" Daniel Lane."* A person was called as a witness to this

confession, but he did not attest it.  The plaintiff was present, and, as the witness first stated, advised Lane to make the confession; but on his cross-examination, he stated that he was not sure as to that.  On the 12th of November, the defendant rendered a judgment upon the note, the entry of which on his docket, read in evidence, was as follows:

" Sandford Murray ⎫ Summons issued Nov. 2, 1839, re-
     *vs.* ⎪ turnable Nov. 9th, at 1 o'clock P. M.
" Daniel Lane and ⎬ Defendants appeared.  Daniel Lane
" Elijah Clark.  ⎭ confessed judgment on a note for
           " $39, in favor of pl'ff.

" Judgment rendered Nov. 12, 1839.  Damages, $39.00
               Const. fees, W. E. H.   1.20
" J. G. Horton, witness.  Justice's fees,   72"

Upon this judgment execution was afterwards issued by the defendant, and delivered to a constable, who, by virtue thereof, levied upon certain cattle, the property of the plaintiff in this suit, proved to be worth from $30 to $37, and sold the same at public auction.

On the trial, the parol evidence of the absence of the defendant on the return day of the summons, was objected to by the defendant, the docket having been first introduced by the plaintiff, and was at first rejected by the court; but after the defendant had gone into his defence, and proved the note and confession thereon endorsed, it was again offered and admitted.

A judgment for the plaintiff for the value of the property seized and sold on the execution, was entered by consent of the parties, subject to the opinion of this Court as to the right of the plaintiff to recover upon the facts in the case.

 *O. Hawkins,* for the plaintiff.

 *E. Mundy,* for the defendant.

Clark *v.* Holmes.

Goodwin, J. delivered the opinion of the Court.

On the part of the plaintiff, it is insisted that the defendant, the justice, acted without jurisdiction ; that the judgment was void, and the defendant a trespasser.  On the part of the defendant, it is contended that he had jurisdiction, and if he erred in rendering the judgment, it did not render the proceedings void, but was an error in judgment, for which the remedy was by a reversal of the judgment in a superior court; and further, that facts *aliunde* the docket, were not admissible to show a want of jurisdiction.

First :  Upon all the facts as presented, is the plaintiff entitled to recover?

It is a rule which we had occasion to advert to in the case of *Wight* v. *Warner and another*, (*ante* p. 384,) that inferior courts of special and limited jurisdiction are confined strictly to the powers conferred upon them, and that their proceedings must appear to be within those powers.

It is a well settled doctrine that, when proceeding to exercise the powers conferred, they must have jurisdiction of the person, by means of the proper process or appearance of the party, as well as of the subject matter of the suit; and when they thus have jurisdiction of the person and the cause, if in the further proceedings they commit error, the proceedings are not void, but only voidable, and may be reversed for error by the proper court of review where a power of review is given; and further, that in such case they are not subjected to any personal liability, but are entitled to the same immunity in regard to errors of judgment, as are the judges of superior courts; but on the contrary, when they have not such jurisdiction of the cause and of the person, their proceedings are absolutely void, and cannot afford any justification or protection, and they become trespassers by any act done to enforce them.   This principle is sustained by various au-

thorities and cannot now be contradicted.    *Perkin* v. *Proctor*, 2 Wils. R. 382; *Morse* v. *James*, Willes's R. 122, 128; *Miller* v. *Seare and others*, 2 W. Bl. R. 1145, a leading case where the principles are clearly stated, and the line of distinction between judges of superior courts, and those of special and limited jurisdiction, is precisely drawn. 2 Strange, 711, 993; *Wise* v. *Withers*, 1 Pet. Cond. R. 552; *Kempe's Lessee* v. *Kennedy*, 2 Id. 223; *Elliott et al.* v. *Piersol et al.* 1 Pet. R. 328, 340; *Hubbard* v. *Spencer*, 15 John. R. 244; *Adkins* v. *Brewer*, 3 Cow. R. 206; *Bigelow* v. *Stearnes*, 19 John. R. 39; *Reynolds* v. *Orvis*, 7 Cow. R. 269.

In *Bigelow* v. *Stearnes*, the doctrine is very clearly and forcibly stated by Chief Justice *Spencer*.   He says :—" I consider it perfectly well settled, that to justify an inferior magistrate in committing a person, he must have jurisdiction not only of the subject matter of the complaint, but also of the process and the person of the defendant." And, after citing several authorities, he adds : " If a court of limited jurisdiction issues a process which is illegal, and not merely erroneous ; or, if a court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause, without having gained jurisdiction of the person, by having him before them, in the manner required by law, the proceedings are void; and in the case of a limited or special jurisdiction, the magistrate attempting to enforce a proceeding founded on any judgment, sentence, or conviction, in such a case, becomes a trespasser."

In this case, at the time of the rendition of this judgment, had the justice jurisdiction of the person of Clark, the plaintiff in this action, so as to authorize him to adjudicate at all in respect to him ?   The summons which had been issued, was returnable on the 9th November.   On that day he and the other party sued appeared at the justice's house, the place of return.   The justice was not

there; nor did he appear there at all, though one of the parties sued remained there two hours or more. Nor did the plaintiff at all appear. Lane, the co-defendant there sued, endorses on a note found there, the above mentioned confession, in the presence of a witness. Clark is present; but the confession signed is that of Lane only. There is no cause of action alledged, by declaration or otherwise, against the parties appearing; for there is no plaintiff to alledge any, and no justice to receive any. And there is no continuance or adjournment of the cause to any subsequent day. Three days after, on the 12th, the justice rendered judgment in favor of Murray against not only Lane, the party who made the confession, but also Clark, the other party sued, the plaintiff in this action. After the 9th there was no cause in court pending before him. It had become discontinued—not merely a technical discontinuance by reason of the justice erroneously continuing the cause over to another day—but, both in law and fact, the parties were out of court; and the justice might as well have proceeded in that case three weeks, or three months, or even three years after. He had lost jurisdiction of the parties. The summons had its full effect on the 9th, and the parties were not retained in court by any proceeding whatever. The effect of the confession in respect to Lane it is unnecessary to consider.

Several cases have been cited to show that when the justice had acquired jurisdiction, and by his subsequent proceedings the cause was discontinued, and he afterwards proceeded to judgment, it was mere *error* and ground of reversal of judgment, and the proceedings were not void; but on examination they will be found to have been cases where he had improperly continued over the cause to a subsequent day. In those cases the Supreme Court of New York held that the error worked a discontinuance, and therefore reversed the judgments. They were not

cases where the parties were actually out of court, and no further day given them.   In the case cited from 7 Wend. R. 200, *Horton* v. *Auchmoody*, which seems to have been the first case where an attempt was made to hold the justice a trespasser for such a cause, the previous cases of this class are collected.   They appear to have been all upon *certiorari.*   In that case the justice had granted an adjournment, on the application of the plaintiff, to a subsequent day, and the defendant then not appearing, he had gone on and rendered a judgment for the plaintiff. It was held that the justice having jurisdiction of the cause, the parties, *and the question of adjournment*, his proceedings were erroneous merely, and liable to reversal, but not *coram non judice.*   In the case before us, there was no adjournment, and no cause in court after the 9th.   In *Hunt* v. *Wickwire*, 10 Wend. R. 102, the same principle is recognized, and in that case, under the facts presented, the judgment was held good.   In *Ingalls* v. *Sprague*, 10 Wend. R. 672, two defendants were sued in a justice's court, and one of them appeared for them both and confessed judgment for both, representing that he had authority to do so from his co-defendant, and, upon execution, the property of the co-defendant was levied.   In an action of trespass by the latter against the former, it was held that the judgment and execution were a justification; the judgment being rendered on an appearance of both parties, the one for the other, and the defect of proof of authority, if that were defective, being regarded as matter of error subject to review by *certiorari.*   Here the ground of the decision was, that the court had jurisdiction by the appearance of the parties, the one by attorney, and thus the confession was of both.   The case of *Hubbard* v. *Spencer*, 15 John. R. 244, is a case strongly in point for the plaintiff in this case. It was an action of debt on a judgment rendered against the defendant under the following circumstances:  The

cause had been adjourned, and at the adjourned day nei-
ther party appeared.   More than a month afterwards, a
person who had been authorized by the defendant to ap-
pear for him at the adjourned day and confess judgment,
came before the justice and testified to these facts, and that
he thought his authority to confess the judgment extended
to that time; and the justice rendered the judgment as of
the day to which the cause was adjourned.   *Platt*, J. in
giving the opinion of the court, says:   The justice "had
no jurisdiction when he received the plea of confession,
and therefore his judgment, *nunc pro tunc*, was void.   The
justice was limited by statute to a certain course of pro-
ceeding; and it would be preposterous to give such a con-
struction to the statute as would authorize what was done
in this instance.   It must be therefore regarded a proceed-
ing *coram non judice*."   This is in conformity to the prin-
ciples above stated, and well illustrates them.

2.  But it is alledged that the justice's docket was conclu-
sive, and it was not competent for the plaintiff to give evi-
dence of facts *aliunde*, to show a want of jurisdiction, or,
as alledged, to impeach the record.   Does the docket it-
self show enough to give jurisdiction?   It shows that the
defendants appeared, and, therefore, by inference, that
the justice was present, as a personal knowledge of that
fact seems implied; but it does not show any appearance
of the plaintiff, or any cause of action alledged by him,
nor any continuance to a subsequent day; and the con-
fession is only the confession of Lane, and not of Clark,
whose property was taken.   There is not enough on the
docket to show jurisdiction.   The first evidence *aliunde* on
this point was by the defendant, of the note and confes-
sion on it, to show the cause of action to have been joint,
and the confession to have been of that cause of action,
and with the approbation of Clark.   Afterwards the plain-
tiff was admitted to show the other facts in opposition.

Now, if it was competent to prove facts on the part of the defendant to sustain the jurisdiction, it was certainly competent to prove the other facts, which were part and parcel of the same, to exclude it.

But is the position itself a sound one? Where there is jurisdiction, the proceedings cannot be impeached collaterally, nor, when of record, can there be any averment or proof in opposition to the record; and the docket of his proceedings, which the statute requires a justice to keep, would doubtless come under the same rule. But does the principle apply to facts relating to jurisdiction? The two principal cases relied on in behalf of the defendant are *Mather* v. *Hood,* 8 John. R. 51, and *Cunningham* v. *Bucklin,* 8 Cow. R. 178.

The former was a conviction under the forcible entry and detainer act of New York, similar to that of England, authorizing the justice to convict of the force, &c. upon his own view. The record was regular, in conformity to the statute, and to established precedent. In an action of trespass against the justice, it was sought to impeach it by showing that there was no force. The court decided that this was a matter within his jurisdiction so to try, and the record of his judgment being regular, was conclusive. It was not there a question of jurisdiction. In *Bigelow* v. *Stearnes,* 19 John. R. 39, cited above, *Spencer,* C. J. in delivering the opinion of the court, says, " that the conviction given in evidence by the defendant, was a complete protection to him, as to every thing set forth in it, unless it was shown that the defendant had either exceeded his jurisdiction, or had not jurisdiction of the person of the plaintiff." And, referring to the case of *Mather* v. *Hood,* he says—" It was not decided in that case, nor is there any case that sanctions the doctrine, that by force of a conviction before a magistrate, the party affected by it may not show, even in a collateral action, where the conviction is set up as a

defence or comes in question, that the magistrate had not jurisdiction of the person against whom the conviction operates." He says, and we say with him—" Take the case of a person convicted by a justice of the peace, who never had been summoned, and who never appeared; would it admit of a doubt that this fact might be shown, and if proved, that the whole proceeding would be *coram non judice* and void?" Of course he means where there was no summons or process, or no return of any officer showing a service. Of course such a return of the proper officer would give jurisdiction, and it would not be competent to impeach it. And this is the point of the case in 3 Wend. R. 202. In the case of *Cunningham* v. *Bucklin,* the court comment upon the case of *Mather* v. *Hood,* and quote the language of the decision in the case of *Bigelow* v. *Stearnes* with approbation, and then say—" There is no question here," (in the case then under consideration,) " of jurisdiction. The commissioner had by statute jurisdiction of the subject matter. By the petition, &c. he acquired jurisdiction of his person. The subsequent proceedings, if irregular, are voidable merely, and not void." " They may be reversed by *certiorari;* but while they remain matter of record and conclusive evidence, (and this was the effect given them by statute,) the facts stated in the discharge cannot be controverted." It is evident then, that this case does not reach the question when the evidence offered goes to the jurisdiction.

The case of *Bigelow* v. *Stearnes,* is a strong one to show that in such cases it is admissible; and to this effect is the case of *Borden* v. *Fitch,* 15 John. R. 121, there cited ; and also, more directly, the cases of *Calvin* v. *Luther,* 9 Cow. R. 61, and *Tenney* v. *Tyler,* 8 Wend. R. 569. In *Elliot et al.* v. *Piersol et al.* 1 Pet. R. 340, the Supreme Court of the United States say—" Where a court has jurisdiction, it has a right to decide every question which occurs in the

cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court.   But if it act without authority, its judg-, ments and orders are regarded as nullities.   They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal, in opposition to them. This distinction runs through all the cases on the subject; and it proves that the jurisdiction of any court exercising authority over a subject, may be inquired into in every court where the proceedings of the former are relied on and brought before the latter, by the party claiming the benefit of such proceedings."

As far then as authorities have come under my view, it would seem that the jurisdiction of special inferior tribunals, at least, may be inquired into in respect to their authority over the person, as well as the subject matter; and the want of jurisdiction may be shown by evidence, even when it tends to contradict the minutes or dockets which those tribunals may keep as records of their proceedings. In this case, however, the docket of the defendant does not show that he had jurisdiction of the person of the plaintiff, Clark, at the time of the rendition of the judgment against him.   The summons had ceased to be operative on the 9th; the case was not continued to another day, and was, in fact, at an end.   And, on the case made, the judgment for the plaintiff must stand, and it must be so certified to the Circuit Court for the county of Livingston.

*Judgment affirmed.*