## A. L. Petrie v. S. Karsch.

Justice's Court; *Continuance; Correction of Mistake in Entry.* A cause pending before a justice of the peace was continued upon the application of one of the parties until January 16, but by mistake the justice made an entry upon his docket that it had been continued until January 15th, and as the plaintiff did not appear on that day, he made an order dismissing the cause. On January 16th the plaintiff appeared, and, after notice to the defendant, procured an order setting aside the judgment of dismissal. *Held,* That the rulings of the justice in correcting his record and setting aside the order of dismissal made before the case was triable, and proceeding with its trial upon the day to which it had been adjourned, was not error.

*Error from Sedgwick District Court.*

The opinion states the facts. The defendant *Petrie* brings the case here.

*Campbell & Dyer,* for plaintiff in error.
*W. B. Bailey,* for defendant in error.

The opinion of the court was delivered by

Johnston, J.: On January 2, 1885, S. Karsch filed a bill of particulars before a justice of the peace of the city of Wichita, demanding judgment against A. L. Petrie for $87.35, upon which summons was issued, returnable upon the 6th day of January, 1885. On the return-day the case was continued at the instance of the defendant, but whether it was adjourned until the 16th of January, or only until the 15th of the same month, was a matter of dispute. The justice made an entry upon the docket that the case was continued until the 15th day of January, 1885, and on that day, the plaintiff failing to appear, judgment was rendered against him dismissing the cause. On the following day the plaintiff appeared, and finding that a judgment of dismissal had been entered, moved the court to set it aside, and in support of the motion filed an affidavit stating that "on or about the 6th day of January, 1885, he, as plaintiff, went to Justice Hobb's court to try his

case against A. L. Petrie, defendant; that at the request and upon the testimony of said defendant, the said justice continued the case until Friday, the 16th day of January, 1885; that agreeably to the said order of the said justice, this plaintiff attended the court of said justice on the said 16th day of January, 1885, for the purpose of trying his said case; that thereupon he ascertained that said suit had been dismissed at his cost, on the 15th day of January, 1885, which date was at least one day before the time to which said suit was continued by said justice." Upon this application, which was made with notice to the defendant, the order and judgment of the justice dismissing the cause was set aside. The defendant not being present on January 16th, the cause was continued until the 20th day of January, and notice was given to the defendant of the action of the court in setting aside the judgment of dismissal, and of the time when the cause would be tried. On January 20th, 1885, the defendant failed to appear, and the cause was tried and judgment rendered in favor of the plaintiff. The case was then taken on petition in error to the district court, where the judgment of the justice was affirmed, and Petrie now brings the case here.

The plaintiff in error contends that the justice of the peace erred in setting aside the judgment of dismissal and reinstating the cause upon his docket for trial on the application of the plaintiff, claiming that there is no provision of the statute authorizing him to set aside the judgment and grant a new trial upon any of the grounds stated in the application. The motion to set aside the judgment of dismissal entered on the 15th day of January is not to be treated as an application for a new trial under the provisions of the justices code. Those provisions proceed upon the theory that the verdict or judgment has been given at the time when the cause could be tried. but in this instance it appears that the cause was taken up and disposed of when it was not triable. Although the justice made an entry that the cause had been continued until the 15th day of January, we are bound to assume from the record that the entry was a clerical error, and that the cause was

actually continued until the 16th of January. The affidavit filed in support of the plaintiff's application, in terms stated that the justice continued the cause until Friday, the 16th day of January, 1885, and that the cause was taken up and dismissed one day before the time to which it had been continued by the justice. The ruling of the justice in allowing the application, supported by the affidavit, is in effect a finding that the facts therein stated were true. It follows, then, that the justice had no authority whatever to try the case without the consent of the parties before the 16th day of January, 1885. He had no more authority to take up and dispose of the case before the day to which it was adjourned, than he would have had to try the case before the day named in the summons for the appearance of the defendant. As the case was actually continued until the 16th day of January, it was proper for the justice, either upon his own motion or upon the application of either party, to correct the record and make it speak the truth with respect to the adjournment, and to set aside and strike from the record the order made upon January 15th, when the cause was not before the justice for disposition. The cause having been adjourned until the 16th day of January, it was the duty of the justice to proceed with the trial upon that day, regardless of the erroneous entry and of the attempted order of dismissal. Upon that day the cause was continued until the 20th of January, and the plaintiff in error was notified of the correction which had been made, and of the time of trial, and he therefore has no cause for complaint.

The judgment of the district court will be affirmed.

All the Justices concurring.