81 243
92 618

HENRY C. HODGES AND CHARLES C. HODGES v. ALBERT W. BAGG.

*Justices' courts—Special appeal—Return—Docket entries—Dismissal of case under mistake of fact—Jurisdiction.*

1. Where the docket entries returned by a justice of the peace on a special appeal show jurisdiction to render the judgment, his return to the matter set up in the affidavit for such appeal

cannot be taken to impeach the docket itself; citing *Clark v. Holmes*, 1 Doug. 390; *Weaver v. Lammon*, 62 Mich. 366.

2. A justice of the peace, under the supposition that the plaintiffs had not appeared, announced that the case would be dismissed for that reason; but ascertaining within the statutory hour, and before any record had been made or injury resulted to the defendant, that plaintiffs had appeared by counsel, who was then just outside the court-room door, he notified the defendant's attorney to appear at a given hour the same day. The attorneys for both parties appeared at the hour named, when the defendant's attorney stated that he appeared specially, and verbally pleaded such dismissal as an abatement of the suit. The justice assumed jurisdiction of the case, heard the plaintiffs' testimony, and rendered a judgment in their favor, which action is sustained.

Error to Wayne. (Reilly, J.) Argued May 13, 1890. Decided June 6, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*O. M. Leonard* (*J. G. Dickinson,* of counsel), for appellant.

*A. P. Hodges* (*Mechem & Beaumont,* of counsel), for plaintiffs.

CAHILL, J. Plaintiffs sued defendant in an action of *assumpsit* before Overton L. Kinney, one of the justices of the peace in and for the city of Detroit, by summons returnable August 16, 1889. On the return-day the justice rendered a judgment in favor of the plaintiffs for $85.20 damages and $1.50 costs. The defendant took a special appeal to the circuit court, alleging the following errors in the judgment of the justice:

1. That the justice, upon a failure of the plaintiffs to appear when said case was called, rendered a judgment of nonsuit against the plaintiffs.

2. That the said justice erred in re-instating said cause, and rendering judgment therein, after having called said cause, and dismissed the same.

3. That the said justice, having dismissed said cause, had no jurisdiction to try the same and render said judgment.

To this appeal the justice made the following return:

"IN JUSTICE'S COURT.

"HENRY C. HODGES AND CHARLES C. HODGES, copartners as Hodges Bros., v. ALBERT W. BAGG.

"Before Overton L. Kinney, one of the justices of the peace for the city of Detroit and county of Wayne.

"An appeal having been made by defendant in the above cause, I, Overton L. Kinney, the justice of the peace before whom the cause was tried, do hereby return to the circuit court for the said county of Wayne the proceedings had before me, as follows:

"The parties prosecuted and defended by their respective attorneys.

"The cause was commenced by summons issued August 6, 1889, returnable at my office in the city of Detroit, in said county, on August 16, 1889, at 9 o'clock in the forenoon of that day. Plaintiffs appeared by their attorney, Alexander P. Hodges, within one hour after the time designated for the return of the summons. Plaintiffs pleaded verbally, and declared in an action of *assumpsit* on all the common counts, and especially on a promissory note past due, and demanded judgment for $300 damages or under, and costs, the defendant making no defense to the merits, and on the said 16th day of August, 1889, I rendered judgment for plaintiffs against defendant for eighty-five and 20-100 dollars damages, and $1.50 costs of suit.

"And as to the matters and alleged errors stated and set forth in the affidavit for the appeal in this cause, hereunto annexed, I do further return that, owing to the urgency of certain private business of my own which I supposed would prevent my holding court that day, I notified the clerk of the justice's court for Detroit, Mr. Baker, whose office is across the hall from my office, that I would not hold court that day; meaning the return-day of the summons in this cause. But I was able and did go to my office four or five minutes before the hour for the appearance of the parties had expired, and unlocked my office door, and proceeded with business. I had noticed Mr. Hodges near the door of the clerk's office

when I entered my office, but I did not know him. I thereupon found the facts to be that plaintiffs' attorney had appeared at my office thirty minutes or more before the hour had expired for the appearance of the parties, but, finding the door locked, he went into the clerk's office, and was told I would not hold court that day. He was still waiting to ascertain what justice would try the case in my absence (the clerk being busy), when I entered my office, and I saw him near the door when I entered. Learning I had entered my office, he came in, perhaps two minutes after I announced the dismissal of the case; the defendant's attorney having that moment left. No docket entry of dismissal was made; neither attorney being present at the moment of said announcement.

"Finding the facts to be as above stated, as to the appearance of plaintiffs' attorney, I sent word to defendant's attorney to appear at two o'clock that day, and, both attorneys appearing, I notified them that I would go on with the case. Defendant's attorney thereupon requested that he have twenty minutes in which to consult the defendant. Plaintiffs' counsel consenting, I held the case open twenty minutes, and until defendant's attorney returned, and stated that he had not been able to see his client. Defendant's attorney thereupon stated that he appeared specially, and verbally pleaded specially that the justice, having dismissed the case, had no further jurisdiction therein. Before proceeding with the testimony, plaintiffs' attorney asked defendant's attorney if he wished further time to consult his client, to which he made no reply. Whereupon I heard the testimony of the plaintiffs, and rendered judgment against the defendant.

"And I do further return that the affidavit and bond herewith returned were delivered to me on the 21st day of August instant.

"Given under my hand the 31st day of August, 1889.
"OVERTON L. KINNEY,
"Justice of the Peace."

On the hearing in the circuit, the judgment of the justice was affirmed, and we think rightly so, for two reasons:

1. The plaintiffs' suit was never legally dismissed by the justice. Under a misapprehension of facts, and supposing that the plaintiffs had not appeared, the justice

announced that the case would be dismissed for that reason; but ascertaining at once, and before any record had been made or injury had resulted to the defendant, that he had been mistaken, and that the plaintiffs had appeared by counsel, who was then just outside the court-room door waiting, it was entirely proper for the justice to disregard the announcement he had made, and to take jurisdiction of the case. If, by reason of his announcement, the defendant had been misled, and had gone away, it was competent for the justice to continue the case as he did do, and to notify the defendant of that fact. How. Stat. § 6817, referring to justices' courts, provides that—

"Each of said courts is hereby vested with all such powers, for the purpose of exercising jurisdiction conferred by this chapter, as are usual in courts of record, except the power of setting aside a verdict and arresting judgment thereon."

A justice would have no authority to nonsuit a plaintiff because of his non-appearance, when, in fact, the plaintiff was present in court; and if a justice should, by mistake and inadvertence, announce that a case was dismissed under such circumstances, it would be his duty, when his attention was called to the mistake, to at once recall the announcement.

While a justice cannot set aside his own judgment and grant a new trial, yet it has been held that where he has, through mistake or otherwise, rendered a void judgment, he may treat it as a nullity, and proceed as though it had not been rendered. *Chapman v. Floyd*, 68 Ga. 455; *Petrie v. Karsch*, 35 Kan. 357. But we do not think the justice had rendered any judgment dismissing this case. The fact that he had announced that the case would be dismissed for the non-appearance of the plaintiffs did not place the matter beyond recall, nor oust the justice

of his jurisdiction. It was held by this Court in *Hickey v. Hinsdale,* 8 Mich. 267, by a divided Court, that a justice's court judgment might be proved by the production by the justice of his original minutes of the proceedings, and that the statutory requirement that a justice should keep a docket, and enter therein the titles of all the causes commenced before him, the time when the first and subsequent process was issued, the judgment rendered by the justice, and the time of rendering the same, etc., was not mandatory. That case is not authority for the position taken by appellant in this case, that the mere announcement of the justice, of which no record was anywhere made, must control, as against the record actually made in the docket.

2. The docket entries returned by the justice showed jurisdiction to render the judgment. That must govern. The return of the justice to the matter set up in the affidavit for special appeal cannot be taken to impeach the docket itself. *Weaver v. Lammon,* 62 Mich. 366; *Clark v. Holmes,* 1 Doug. 390.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., LONG and GRANT, JJ., concurred.
MORSE, J. I concur in the result.