**774 McFARLAN vs. CIRCUIT JUDGE** (Saginaw), No. 13087.

**775 BROWN vs. CIRCUIT JUDGE** (Saginaw), No. 13088.

To vacate orders recalling executions which were issued on judgments upon transcripts filed from a justice of the peace.

Granted October 26, 1892, with costs in each case.

Relator, a resident of Genesee County, recovered judgment against one Hicks, a resident of the township of Albee, in Saginaw County, before a justice of the peace of the township of Birch Run, Saginaw County; took a transcript and filed same in the Circuit Court for Saginaw County, and an execution was issued from said court. Upon application made by defendant, the circuit judge made an order recalling the execution, on the ground that the justice had no jurisdiction.

The respondent raised two questions: First, that the justice had no jurisdiction, because the action was not brought before a justice of the city or township where said plaintiff or said defendant resided, or before a justice of another city or township in the same county next adjoining the residence of the plaintiff or defendant, or before some justice of a city in the same county formed from a township or townships next adjoining the residence of plaintiff or defendant, but that on the contrary, said plaintiff was a non-resident of Saginaw County, and defendant was a resident of Albee, Saginaw County, and said town-

ships of Albee and Birch Run are not adjoining townships. How. Stat., Secs. 6818-6819; Hall vs. Shank, 57 M., 36.

Second, that the docket entry of the Justice does not state sufficient to confer upon the justice jurisdiction, in that it does not show the residence of either plaintiff or defendant to be such as will give the justice jurisdiction; Spear vs. Carter, 1 M., 19; Allen vs. Carpenter, 15 M., 25; Clark vs. Holmes, 1 Doug., 390; Chandler vs. Nash, 5 M., 409;. Wall vs. Trumbull, 16 M., 228; Macumber vs. Beam, 22 M., 395; Saunders vs. Tioga Mnfg. Co., 27 M., 520; Weimer vs. Bunbury, 30 M., 200; Cofrode vs. Circuit Judge, 79 M., 332 (342).

Relator insisted that the justice had jurisdiction under How. Stat., Sec. 6819, and cited Hunter vs. Burtis, 10 Wend., 363.