MATTER OF II—

In DEPORTATION Proceedings

A-8868381

*Decided by Board September 18, 1961*

Deportability—Section 241(a)(4), 1952 act—Collateral attack on judgment of
criminal court—Effect of subsequent action by sentencing court in vacating
conviction.

(1) The general rule applies in deportation proceedings that the judgment of
a criminal court may be attacked collaterally only for lack of jurisdiction.
(2) The justice court of Michigan is a court of limited jurisdiction without
common law powers. The justice of the peace cannot alter a sentence once
imposed, and cannot grant a new trial.
(3) Respondent was convicted in 1958 by the justice court, Dearborn Town-
ship, Michigan, for malicious destruction of property and served 50 days in
jail under a year's probation. In September 1960, at respondent's request
and with the consent of the prosecutor, the justice of the peace issued an
order vacating the judgment of conviction. Held: this action was beyond
the jurisdiction of the justice court and, hence, without effect on respond-
ent's deportability under section 241(a)(4) of the Act as a twice convicted
alien. (Cf. *Matter of P—*, 3—187.)

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Twice con-
victed of crimes involving moral turpitude, to wit: Larceny and
malicious destruction of property.

BEFORE THE BOARD

**DISCUSSION:** The special inquiry officer denied the Service mo-
tion for reconsideration of his decision terminating proceedings.
The examining officer has filed this appeal.

The respondent is a 20-year-old single male, a native and citizen
of Germany, who was admitted to the United States for permanent
residence on August 22, 1955. On September 4, 1958, he was con-
victed in the justice court, Dearborn Township, Michigan, of the
offense of malicious destruction of property at a trial conducted by
the justice without a jury. Respondent was sentenced to probation
for a year, the first 20 days to be served in the Wayne County Jail;
he was fined $100, or 30 additional days if the fine was not paid.
Respondent served 50 days. On June 9, 1960, he was convicted in

460

the justice court, St. John, Michigan, of the offense of larceny. He was sentenced to pay a fine of $100 and to be imprisoned in the county jail for 30 days. On October 3, 1960, after a deportation hearing, the special inquiry officer ordered the respondent deported on the charge set forth above.

Subsequently, hearing was reopened to permit entry into the record of a court order dated October 20, 1960, by the justice of the paece of Dearborn Township justice court. This order states that the order of September 4, 1958, was "vacated, set aside and held for naught," and that this action had been taken on the motion of the respondent, consultation with the prosecuting attorney, and on the withdrawal of the complaint by the complainant.

The special inquiry officer decided that he was bound by precedent to recognize the vacating order and terminated proceedings. He relied upon *Matter of P—*, 3—187, from which he drew the principle that the vacating of the conviction in the State of Michigan was to be recognized whether or not a new trial had been involved. Termination was on the theory that the respondent now stood convicted not of two crimes, but of one only.

The examining officer filed a motion for reconsideration of the decision holding that under a "federal standard" the conviction of 1958 constituted a conviction for immigration purposes despite the vacating order of the justice of the peace. The examining officer also relied upon the fact that the court had failed to make use of the statute which permitted the granting of a new trial and vacating the judgment. The examining officer also depended on *United States ex rel. Piperkoff* v. *Esperdy*, 267 F.2d 72 (C.A. 2, 1959).

The special inquiry officer denied the examining officer's motion. He pointed out that in *Matter of G—*, 9—159, the Attorney General held that the interpretation of section 241(a)(4) of the Immigration and Nationality Act is not purely a federal question but one which must be determined with regard to state law and to state procedure. He held that the record did not affirmatively show that the justice of the peace was without jurisdiction to vacate his prior conviction and pointed to indicia to the contrary—consultation taken with the office of the prosecuting attorney, the fact that a proceeding in a criminal case before a justice of the peace is based upon a complaint and the complaint was withdrawn, and the fact that if the action was taken under section 28.1098 of the Michigan Statutes, Annotated, providing for a new trial, there was, despite the Service contention, a showing of adequate cause in the respondent's youth and the fact that he was not represented by counsel when convicted. Finally, the special inquiry officer held that even if the order were to show on its face an error of law, it would not be subject to collateral attack.

461

At oral argument the Service representative pointed out that section 27.3181, Michigan Statutes, Annotated, denies the justice court the power of setting aside a verdict and arresting judgment thereon. He pointed to opinions of the Attorney General of the State of Michigan to the effect that a justice of the peace may not alter a sentence entered upon his docket. The Service representative stated that a new trial was not available to the respondent because a timely application for new trial had not been made, and argued that once the sentence had been served the court did not have the power to reduce the sentence (*People* v. *Fox*, 20 N.W. 732). The Service representative believes that the instant case is within *Matter of B—*, 8—686, because the sole purpose for the setting aside of the sentence was the desire to eliminate respondent's liability to deportation.

At oral argument counsel for the respondent stated that the lack of power to set aside a verdict related to jury decisions and did not affect the power to set aside the judgment of a justice sitting without a jury. He contended that the restriction on the power to set aside a verdict or judgment is a limitation under code law and does not affect the common-law rights possessed by the justice court. He pointed to cases where leave to file delayed motion for new trial was granted after the statutory time for appeal had expired, and argued that the respondent's constitutional rights were not protected at the time of his conviction in 1958 and would have required the vacating of the judgment and the granting of a new trial if such motion had been made.

The judgment of a criminal court enjoys the same immunity from collateral attack as does a civil decision (15 Am. Jur., Cr. Law, sec. 504). Its force cannot be questioned other than by a judicial proceeding which is recognized for such specific purpose, except that the question of whether the court had jurisdiction to make the order may be raised in any forum. It is, therefore, proper to inquire into (1) the legal organization of the tribunal, (2) whether it had jurisdiction over the person, (3) whether it had jurisdiction over the subject matter, and (4) whether it had the power to grant the judgment (*Vasquez* v. *Vasquez*, 240 P.2d 319; see also *Brock* v. *Superior Court*, 177 P.2d 273, 274). We see no reason in deportation proceedings for any departure from this general rule. It is proper to inquire here whether the court had the power to vacate the judgment of conviction. We believe the record establishes that the justice of the peace was without jurisdiction to enter the vacating order. The Attorney General of the State of Michigan has stated that the justice court is one of limited juridiction without common-law powers; that a justice of the peace does not have the right to change a sentence after the same has been imposed; and that a justice of the

peace cannot grant a new trial (Opinions Attorney General, Michigan, 1930–1932, pp. 348 349, Appendix "A"). We find nothing to show that the jurisdiction and procedure of the justice court in criminal cases has changed significantly since this opinion of the Attorney General was rendered. Section 28.1192–28.1239, Michigan Statutes, Annotated; see *People* v. *Fox*, 312 Mich. 577; 20 N.W. 732.

Counsel contends that the justice had the power to vacate the judgment of conviction here because it was a "void" one, and has cited cases supporting the rule that a court may vacate a void judgment. The judgment was void, counsel contends, because the respondent was not represented at the time of the conviction and because his youth and inexperience left him ignorant that he was entitled to the aid of an attorney. (Counsel refers to Michigan Court Rule 35(a), which requires the court in a prosecution involving a felony to advise the defendant of his constitutional rights before accepting a plea of guilty. The pertinency of this rule is not apparent since a felony was not involved here.) The difficulty with counsel's contention is that a careful examination of both the petition to vacate the judgment and the order vacating the judgment fails to reveal that the conviction was vacated because it was void. The petition reveals that the respondent was not represented at the time of the conviction but it does not state that he was denied representation, or that he did not know that he could have had representation if he wanted it, or that he could not be legally convicted unless he had been represented. The petition reveals that the respondent's plea of guilty was entered without knowledge that the conviction could affect his immigration status, but there is no allegation that the alien did not commit the criminal offense of which he was charged, or that he did not know the effect of the guilty plea in the criminal matter, or that it was involuntarily made. It is difficult to conclude from this record that the conviction was not vacated because it made the respondent liable to deportation. The case of *Hodges* v. *Bagg*, 81 Mich. 543; 45 N.W. 841, cited by counsel, is, we believe, distinguishable. *Hodges* concerned the vacating of an oral order dismissing an action before a justice of the peace in the mistaken belief that the plaintiff had failed to appear. However, before an entry of the order had been made and within a few minutes of the making of the order, the court learned of its error. The court treated the oral order as a nullity and assumed jurisdiction of the matter. This action was upheld on appeal, the appellate court stating that a court can disregard a void judgment but resting its approval on the ground that the justice had not rendered any judgment. This is quite unlike the present case where the judgment and sentence were entered, where the sentence was served, and the conviction remained unquestioned for about 2 years.

463

Taking a different approach to the problem, counsel alleges that the court was justified in vacating the judgment of conviction under section 28.1098 of the Michigan Statutes, Annotated, which permits a new trial to be granted in the interest of justice. We are of the opinion that this section is not pertinent. First, it is clear that a new trial was not granted here. Furthermore, it does not appear that this provision applies to proceedings in the justice court. The Attorney General in his opinion, stating that the justice court could not order a new trial, revealed his awareness of the existence of a provision similar in essence to the one in question. It follows, therefore, that the cases cited by counsel concerning the power of a court other than the justice court to grant a new trial are not pertinent to the issue. (The one case, *Hodges* v. *Bagg*, *supra*, related to the justice court, has been discussed.)

In further support of the contention that a justice court can alter its judgment even if it is not void, counsel relies upon section 27.3181, Michigan Statutes, Annotated, which purports to divest a justice of the power to set aside a verdict. It is counsel's contention that this section prohibits a justice from setting aside a judgment based on a verdict, that is, where a jury is involved, but that otherwise a judge has the power to change an order. The section is found in the law defining the *civil* jurisdiction of the court and there appears to be no authority for intermingling the civil and criminal powers given to the justice court (*In re Harrad*, 254 Mich. 584; 236 N.W. 869). Moreover, the interpretation advanced by counsel is not supported by a citation of authority and we have found no case which makes the distinction counsel relies upon.

*Matter of P—*, 3—187, cited by the special inquiry officer in his capable order, furnishes support for his conclusion that a modification of a sentence in Michigan to defeat deportation has been recognized without a strict adherence to statutory procedure in obtaining a new trial; however, it must be pointed out that insofar as P— himself was concerned, a new trial had taken place and that the administrative decision purported to apply "the principle enunciated by the *Casado* (*United States ex rel. Casado* v. *Uhl*, S.D.N.Y., No. 8–31, June 21, 1940, unreported) decision" in which there was also a new trial. It is conceded that had P— personally attended proceedings at his new trial, the superseding judgment would have been effective. In the instant case, it does not appear that the action of the court could have been effective despite any waiver by the respondent or prosecuting attorney since it affirmatively appears that the court did not have power to vacate the judgment of conviction. We agree with the special inquiry officer in his evaluation of the Service contention concerning a federal standard and the inapplicability of *United States ex rel. Piperkoff* v. *Esperdy*, *supra*.

464

While the result reached in finding the respondent deportable is harsh under the circumstances shown here, the respondent does fall within the confines of the law requiring his deportation and, absent a reversal of the conviction, or a pardon, his deportation must be ordered.

**ORDER:** It is ordered that the appeal of the examining officer be and the same is hereby sustained.

## APPENDIX "A"

### BIENNIAL REPORT OF ATTORNEY GENERAL MICHIGAN, 1930–32, pp. 348–49

October 23, 1931

Mr. L. O. Telfer
201–205 U.S. Bank Bldg.
Port Huron, Michigan
Dear Sir:

We have your letter of September 10th in which you ask for an opinion of this department regarding the right of a circuit judge to change a sentence after the same has been imposed. You also inquire what right a justice of the peace has to change a sentence after the same has been imposed.

16 Corpus Juris, page 1314, in discussing the right of a court to modify, change or revise its sentence, states the rule as follows:

At any time during the term the court has power to reconsider the judgment, and to revise and correct it by mitigating and even by increasing its severity, where the original sentence has not been executed or put into operation.

The authority cites the case of *People* v. *Dane*, 81 Mich. 36, wherein the court held (quoting from the syllabus):

The imposition of a void sentence by a circuit judge does not deprive him of authority to impose a valid one, nothing having been done by way of executing the first sentence.

In the *Dane* case the court cited the earlier case of *People* v. *Meservey*, 76 Mich. 323, wherein our court held (quoting from the syllabus):

The authority of a circuit judge over a prisoner ceases upon sentencing him to State prison, and remanding him to jail to await the execution of the sentence.

A circuit judge has no power to vacate a sentence imposed upon a prisoner, of imprisonment in State prison, after remanding him to jail to await its execution, and impose a heavier one because of the prisoner's attempted escape from jail, and such a sentence will be set aside and the original one held to be in full force.

**465**

These decisions were approved by our Supreme Court in *In re Richards*, 150 Mich. 421, where the court again held that:

A trial court cannot set aside a valid sentence and impose a new and different one after the prisoner has been remanded to jail to await the execution of his sentence.

While the imposition of a sentence and the act of remanding the prisoner to the county jail thereby prevents the circuit judge from changing the sentence imposed, yet under our statute a motion for new trial could be filed within the proper time and the sentence of the court set aside upon the granting of said motion. The court would then be in a position after the retrial to impose a new and different sentence.

Jurisdiction and procedure of justice courts in criminal cases are found in chapter 14 of the Code of Criminal Procedure, the same being section 17426–17470 of the Compiled Laws of 1929. Section 7 of said chapter provides that "after the accused shall plead guilty to such charge the court shall thereupon render judgment thereon."

Inasmuch as a justice court is a court of limited jurisdiction without common law powers, we do not believe that a justice of the peace would have any right to change a sentence after the same has been imposed. New trials are purely statutory. At the common law there was no new trial. *Frazer* v. *Judge of Recorder's Court*, 112 Mich. 469. Our court held in the case of *Alt* v. *Lalone*, 54 Mich. 308, that a justice of the peace could not grant a new trial.

Very truly yours,

[s]   PAUL W. VOORHIES,
*Attorney General.*