**UNITED STATES v. LIAS.**

No. 5865.

United States Court of Appeals
Fourth Circuit.

March 8, 1949.

D. Paul Camiletti, Asst. U. S. Atty., of Wheeling, W. Va. (C. Lee Spillers, U. S. Atty., of Wheeling, W. Va., on the brief), for appellant.

M. E. Boiarsky, of Charleston, W. Va. (Frank A. O'Brien and Frank A. O'Brien, Jr., both of Wheeling, W. Va., and T. C. Townsend, of Charleston, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is a motion to dismiss an appeal by the United States from an order which vacated a judgment and sentence theretofore entered in a criminal case, permitted the defendant therein to withdraw his plea of guilty and enter a plea of not guilty and continued the case for hearing at a later day of the court. The government contends that the order was appealable, as an order arresting a judgment of conviction, under 18 U.S.C.A. § 3731. Defendant contends that the order was not one arresting a judgment of conviction but one permitting the defendant to withdraw a plea of guilty pursuant to Rule 32 (d) of the Rules of Criminal Procedure, 18 U.S.C.A. and granting a new trial in the case, and was consequently not a final judgment from which appeal would lie. We think that this contention is unquestionably correct.

The facts are that the defendant was charged with criminal violations of the Internal Revenue Code in an indictment containing five counts. On November 9, 1948, he entered a plea of guilty to the fifth count of the indictment and the other counts were dismissed. Sentence was de-

ferred until November 24, when defendant was sentenced to five years imprisonment and to pay a fine of $10,000. Subsequently he filed an affidavit stating that he was not guilty and that he had been misled by statements made by the trial judge to his attorneys into believing that, if he would plead guilty, he would be placed on probation. He asked that the sentence be set aside and that he be allowed to withdraw his plea of guilty, to enter a plea of not guilty and to stand trial. The judge granted this motion on condition that he waive indictment and stand trial on information on the charges that had been dismissed along with the charge to which the plea had been entered. The judge filed a memorandum in the case in which he set forth the ground of his action as follows:

"The defendant has sworn to his motion to vacate judgment. He says under oath that he only entered his plea because he believed that he would be put on probation or receive a suspended sentence. If the defendant had that bona fide belief in his mind and if that belief was a controlling factor in causing him to enter a plea of guilty, the court has to take that belief into consideration, irrespective of the kind of information upon which it was founded. In any event, my conscience will not permit me to be a party to sending a man to the penitentiary upon a plea of guilty when he insists that he did not commit the acts constituting guilt. * * * I will * * * vacate the judgment and sentence heretofore pronounced in this case, and permit the defendant to withdraw his plea of guilty and to enter a plea of not guilty. However, I will not do this until the defendant has fulfilled his promise to waive presentment by a Grand Jury of the charges contained in counts one to four, inclusive, of the indictment in this case, and consented to the filing of informations covering the offenses alleged in those counts. When this is done, all parties will be placed in the same position that they were in on November 9th, prior to the entry of the guilty plea to count five. The only thing that the government has lost is a comparatively short time in which a trial might have been held. That trial can still be held. No one will be in a worse position in this case because of this action, unless it is the defendant himself, the party at whose instance it is being taken."

This action of the judge was in no sense one arresting a judgment of conviction, which puts an end to the case. Arrest of judgment is proper only where it appears upon the face of the record that judgment cannot be legally entered. See, 15 Am.Jur. pp. 98-102; Bishop's New Crim. Procedure 2d ed. 1284; Bond v. Dustin, 112 U.S. 604, 608, 5 S.Ct. 296, 28 L.Ed. 835; Demolli v. United States, 8 Cir., 144 F. 363, 6 L.R.A., N.S., 424, 7 Ann.Cas. 121. The subject is covered by Rule 34 of the Rules of Criminal Procedure, which provides:

"Rule 34. Arrest of Judgment. The court shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 5 days after determination of guilt or within such further time as the court may fix during the 5-day period."

Until the enactment of recent statutes, the United States could not appeal from or review by writ of error a judgment in favor of the defendant in a criminal case. United States v. Sanges, 144 U.S. 310, 12 S.Ct. 609, 36 L.Ed. 445. By the Act of March 2, 1907, Ch. 2564, 34 Stat. 1246, a writ of error direct to the Supreme Court was allowed the government from decisions quashing or sustaining a demurrer to an indictment, or arresting a judgment of conviction, where such action was based upon the invalidity or construction of the statute upon which the indictment was founded. The Act of May 9, 1942, Ch. 295, 56 Stat. 271, enlarged the rights of review conferred by the Act of 1907, by permitting appeal to the Circuit Court of Appeals from a judgment quashing or sustaining a demurrer or plea in abatement to an indictment except where direct appeal to the Supreme Court was provided by the Act. The various statutory provisions were consolidated and enlarged in Title 18 U.S.C.A. § 3731 of the United States Code of Crimes and Criminal Procedure, the pertinent portion of which provides:

"An appeal may be taken by and on behalf of the United States from the district courts to a circuit court of appeals or the United States Court of Appeals for the District of Columbia, as the case may be, in all criminal cases, in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is provided by this section.

"From a decision arresting a judgment of conviction except where a direct appeal to the Supreme Court of the United States is provided by this section.

"The appeal in all such cases shall be taken within thirty days after the decision or judgment has been rendered and shall be diligently prosecuted.

"Pending the prosecution and determination of the appeal in the foregoing instances, the defendant shall be admitted to bail on his own recognizance."

■ The language, as well as the history of this section, shows clearly, we think, that there can be no appeal by the United States except from a final judgment which puts an end to the proceeding, and that a decision arresting a judgment of conviction means an arrest of judgment under Rule 34, which is granted only where the indictment or information does not charge an offense or the court is without jurisdiction. The order appealed from was not a decision of this sort.

■ And we think that the appeal should be dismissed for the additional reason that it is entirely without merit in that it asks reversal of an action lying well within the discretion of the trial judge. Section 32(d) of the Rules of Criminal Procedure provides: "(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

This is in accord with the rule laid down in Kercheval v. United States, 274 U. S. 220, 223-224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, where the court said: "Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. United States v. Bayaud, C.C., 23 F. 721. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence. Commonwealth v. Crapo, 212 Mass. 209, 98 N.E. 702. The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just."

■ The effect of the decisions bearing on the subject is well summarized in 14 Am.Jur. pp. 961, 962, as follows: "The least surprise or influence causing a defendant to plead guilty when he has any defense at all should be sufficient grounds for permitting a change of plea from guilty to not guilty. Leave should ordinarily be given to withdraw a plea of guilty if it was entered by mistake or under a misconception of the nature of the charge; through a misunderstanding as to its effect; through fear, fraud, or official misrepresentation; was made involuntarily for any reason; or even where it was entered inadvisedly, if any reasonable ground is offered for going to the jury."

The defendant swears that, as the result of what was said by the judge to his attorneys, he was led to believe that he would receive probation if he would plead guilty. The judge did not controvert the allegation that he had used the language attributed to him, but filed the memorandum from which we have quoted above holding that, in view of the situation presented, he would allow the plea of guilty to be withdrawn and the defendant to stand trial. Certainly this was the proper course to be taken "to correct manifest injustice", if, as a result of

what the judge had said, the defendant was misled into pleading guilty under the belief that he would receive probation.

For the reasons stated, the appeal will be dismissed.

Appeal Dismissed.