UNITED STATES of America

v.

Michael SHAPIRO, alias Mike Shapiro.

Cr. T. No. 345.

United States District Court,
E. D. Wisconsin.

Jan. 20, 1955.

Supplemental Order Feb. 12, 1955.

Timothy T. Cronin, U. S. Atty., and Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Richard G. Finn, Chicago, Ill., for defendant.

STONE, District Judge.

To correct an alleged manifest injustice, the defendant, Michael Shapiro, has filed a motion under Rule 32(d) of the Federal Rules of Criminal Procedure 18 U.S.C.A. to vacate and set aside the judgment of conviction and permit him to withdraw his plea of nolo contendere for the reason that he alleges the plea of nolo contendere was made under a mistake or misapprehension of fact and without knowledge of the full consequences of his plea.

Upon the entry of the plea of nolo contendere the court found the defendant guilty as charged in Count Two of the indictment and entered judgment that the defendant pay a fine of $10,000 and be committed to prison for three years. The defendant paid the fine and served that portion of the prison sentence as required by Statute.

Rule 32(d) of the Federal Rules of Criminal Procedure reads as follows: "Rule 32. Sentence and Judgment

\* \* \* \* \* \*

"(d) Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

That part of the Immigration and Nationality Act relating to these proceedings reads as follows:

Title 8 U.S.C.A. § 1251 reads in part as follows:

"(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\* \* \* \* \* \*

"(4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial;

\* \* \* \* \* \*

"(b) The provisions of subsection (a) (4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply (1) in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States, or (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, \* \* \*."

Under the Statutes the defendant's deportation could be prevented by a Presidential pardon or by a recommendation of this court to the Attorney General made at the time of first imposing sentence or within thirty days thereafter that the defendant be not deported.

At the time of the withdrawal of his plea of not guilty and the filing of his plea of nolo contendere, and the imposition of sentence after a finding of guilty on such plea, neither the defendant nor the court was informed by the Government that it was the intention of the Government to institute proceedings to deport the defendant from the United States.

The Immigration and Naturalization Service of the Department of Justice of the United States withheld the institution of deportation proceedings until long after the period of 30 days had expired, within which time, under the law, the court might have recommended to the Attorney General against the deportation of the defendant and his banishment from the United States.

As a result of the withholding of the institution of deportation proceedings, the court lost jurisdiction to recommend against deportation.

At the time of the withdrawal of his plea of not guilty and the filing of a plea of nolo contendere to one count of the indictment the defendant's wife, Rae Shapiro, who was indicted with him, was in a very precarious condition of health both mentally and physically, as evidenced by the testimony of physicians called both by the Government and by the defense. He was informed by his wife's physician not only that she was unable to stand trial, but also that if he himself were placed on trial it would have a seriously detrimental effect upon the health of his wife and might even be fatal to her.

At that time the Government refused to dismiss the indictment against his wife, Rae Shapiro, unless the defendant, Michael Shapiro, entered a plea either of guilty or of nolo contendere to one count of the indictment, and, under those circumstances and fully believing that he was a citizen of the United States, and without any knowledge or forewarning of the intention of the Government to institute deportation proceedings, the defendant withdrew his plea of not guilty and entered a plea of nolo contendere to one count of the indictment. At that time he believed

and was so advised by his counsel that the maximum penalty which he could receive and which would accrue to him either directly or indirectly as a result of the aforesaid change in plea was a sentence of five years and $10,000 under Title 26 U.S.C.A. § 145(b).

If the defendant had known at the time of his change of plea and at the time of sentence that there was any question about the citizenship of his father or of himself, he would not have changed his plea of not guilty to a plea of nolo contendere, but would have stood trial.

That on the 11th day of January, 1953, over twelve months after the defendant had been sentenced and while he was incarcerated at the Federal Penitentiary at Terre Haute, Indiana, he was served with a warrant seeking his deportation; that pursuant to said warrant several hearings were had and a final order of deportation was entered against him.

That the change of his plea from a plea of not guilty to a plea of nolo contendere was made through inadvertence and mistake and a misapprehension of the possible consequences of such a change of plea, and by reason of the fact that the Government did not reveal its purpose or intent of procuring the deportation of the defendant.

Although the defendant was not legally liable either directly or as transferee for the payment of the taxes of his wife, Rae Shapiro, for the years 1942, 1943, 1944, 1945, 1946 and 1947, he paid to the Government in compromise the sum of $411,000 in payment of all taxes, penalties and interest due and owing the Government by his wife, Rae Shapiro, for the years 1942 to 1947, inclusive.

That a manifest injustice has been done to the defendant, Michael Shapiro, by reason of the fact that at the time of the withdrawal of his plea of not guilty and the entry of his plea of nolo contendere in this cause, and the imposition of sentence, the defendant was firmly of the opinion that he was a citizen of the United States who had derived his citizenship through the naturalization of his father, Benzion Shapiro, prior to the time that the defendant, Michael Shapiro, became 21 years of age.

The effect of the deportation order filed against this defendant expands and increases the sentence imposed on him by this court by adding thereto the further punishment by banishing him in exile from this country to Russia for the rest of his life.

This court is not here to administer injustice. To prevent this manifest injustice the defendant's motion to vacate and set aside the judgment heretofore entered and to permit the defendant to withdraw his plea of nolo contendere is granted.

It Is Therefore Ordered, Adjudged and Decreed that the judgment and sentence predicated upon the defendant's plea of nolo contendere to Count Two of the indictment, entered by this court in these proceedings, be vacated and set aside and the defendant be and is hereby permitted to withdraw his plea of nolo contendere to said indictment.

### Supplemental Order

The Immigration and Naturalization Service having filed its recommendation in opposition to a recommendation of this court that the above named defendant not be deported as provided in Title 8, U.S.C.A. § 1251(b) of the United States Statutes, and the defendant, Michael Shapiro, above named, having filed his reply thereto, and thirty days not having expired since January 20, 1955, the date of the imposition of judgment in this action and passing of sentence on said defendant; and the court being fully advised in the premises does hereby recommend to the Attorney General of the United States of America that such alien, Michael Shapiro, not be deported, due notice having been given

502

prior to this date and prior to making such recommendation to representatives of the said Immigration and Naturalization Service, the prosecution authorities, who were granted an opportunity to and did make the representations in the matter as hereinbefore referred to.

It is further ordered and decreed that the judgment and conviction of the defendant, Michael Shapiro, shall not be used by the United States of America, the Department of Justice thereof, or the Immigration and Naturalization Service as the basis of any claim that as an alien twice convicted of crimes involving moral turpitude, the defendant should be deported.