**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Michael SHAPIRO, Alias Mike Shapiro,**
**Defendant-Appellee.**

**No. 11430.**

United States Court of Appeals
Seventh Circuit.

May 26, 1955.

Timothy T. Cronin, U. S. Atty., Howard W. Hilgendorf, Asst. U. S. Atty., Milwaukee, Wis., for appellant.

A. L. Skolnik, Milwaukee, Wis., Richard G. Finn, Chicago, Ill., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This case comes to this court on a motion by the defendant, Michael Shapiro, to dismiss the appeal filed by the Government from a judgment entered by the Honorable Patrick T. Stone, Judge of the United States District Court for the Western District of Wisconsin, while sitting as a Judge of the United States District Court for the Eastern District of Wisconsin. This judgment, entered January 20, 1955, 16 F.R.D. 499, vacated and set aside a judgment of conviction which Judge Stone had entered against the defendant on November 5, 1951, and also permitted the defendant to withdraw his plea of *nolo contendere.*

The defendant had been convicted on count 2 of an indictment which charged him jointly with his wife, Rae Shapiro, of willfully and knowingly attempting to defeat and evade income tax which the wife owed on her net income for the calendar year 1944. The defendant's conviction was on his plea of *nolo contendere* which he entered after withdrawing his original plea of not guilty. On his conviction the defendant was fined $10,000.00 and sentenced to three years in prison. The defendant paid the amount of the fine, served one year of the sentence as required by statute and was then paroled. He compromised the civil liability of his wife for her taxes for $411,000.00. This amount was paid by the defendant and was accepted by the Internal Revenue Bureau of Wisconsin in payment of all taxes, penalties and interest due and owing from said Rae Shapiro for the years 1942 to 1947, inclusive.

On December 15, 1954, the defendant filed in the original criminal case a motion to withdraw his plea of *nolo contendere* and to set aside the original judgment of conviction. This motion alleged that manifest injustice had been done to the defendant by reason of the fact that at the time he withdrew his original plea of not guilty and entered his plea of *nolo contendere* in the criminal case the defendant firmly believed that he was a citizen of the United States by reason of the naturalization of his father prior to the time the defendant became 21 years of age.

This motion alleged that the defendant was born in Russia; that he came to the United States with his parents in 1913, when he was approximately 15 years of age; and that since that time he had lived in Milwaukee, Wisconsin, where he had married and raised a family consisting of three daughters and several grandchildren.

The motion further alleged that the defendant had pleaded *nolo contendere* to the second count of the indictment concerning his wife's taxes because his wife was then "in a very precarious condition of health both mentally and physically, as evidenced by the testimony of physicians called both by the Government and by the defense"; and because he was informed by his wife's physician that she was unable to stand trial, and that if he stood trial "it would have a seriously detrimental effect upon the health of his wife and might even be fatal to her."

The defendant's motion alleged further that at that time the Government refused to dismiss the indictment against his wife, Rae Shapiro, unless he entered a plea of either guilty or *nolo contendere* to one count of the indictment; and that the Government agreed before the defendant changed his plea from not guilty to *nolo cotendere* that if the defendant did so change his plea the Government attorneys would recommend that the case against his wife be dismissed. The motion then alleged that "induced by the foregoing considerations, and fully believing that he was a citizen of the United States, and without any knowledge or forewarning of the intention of the Government to institute deportation proceedings and to banish him from the United States and from his family, the

defendant withdrew his plea of not guilty and entered a plea of *nolo contendere* to one count of the indictment \* \* \* "; and that "the defendant's plea of not guilty was withdrawn and a plea of *nolo contendere* filed for the purpose of preventing the serious illness and perhaps death of his wife, and because he fully believed that his father and he were citizens, and that therefore there was no possibility of deportation."

In this motion the defendant also alleged upon information and belief that, if the court had known at the time of the defendant's entry of his plea of *nolo contendere* and at the time of sentence that it was the intention of the Government to institute deportation proceedings against him, the court would have recommended to the Attorney General of the United States that the defendant not be deported.

In his motion the defendant stated that in reality he was not guilty of the charges alleged in the indictment and that he believed "that a manifest injustice had been done to him." The defendant, therefore, moved the court to enter an order setting aside the sentence theretofore imposed upon him, permitting him to withdraw his plea of *nolo contendere* and permitting him to enter a plea of not guilty. The defendant asked the court to set this motion for hearing, to permit him to produce evidence in support of the motion, and to give due notice of the hearing to representatives of the Immigration and Naturalization Service of the United States, to the United States Attorney at Milwaukee, Wisconsin, and to the Attorney General of the United States. Such notices were given and Assistant United States Attorney Hilgendorf appeared at the hearing representing the United States.

In support of his motion to dismiss this appeal the defendant first contends that 18 U.S.C.A. § 3731 furnishes the only authority for appeals to be taken by and on behalf of the Government in criminal cases. The defendant insists that this section furnishes no authority

for an appeal from an order by a District Court granting a motion to set aside a judgment of conviction to correct a manifest injustice under Rule 32(d) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The Government concedes that "the statute does not specifically authorize an appeal by the United States from an order setting aside a judgment of conviction in a criminal case if a new trial is granted," but says that: "Such orders are not final, and the defendant must face a new trial." The Government contends that in the instant case the proceedings were unusual. Then, after describing the "unusual" proceedings, the Government says that insofar as it was concerned the action of the District Court was final and for that reason a notice of appeal was filed to protect the rights of the United States. But according to the notice of appeal, the appeal was only from the order of the District Court granting the defendant's motion to vacate and set aside the judgment of conviction herein and permitting the defendant to withdraw his plea of *nolo contendere*.

Rule 32(d) of the Federal Rules of Criminal Procedure expressly authorizes the District Court to set aside a judgment of conviction and to permit the defendant to withdraw his plea of guilty or *nolo contendere* to "correct manifest injustice." In this case the trial judge after hearing evidence and the arguments of counsel did just what Rule 32(d) authorized. We think it is clear that the order of the District Court here in setting aside the judgment of conviction and permitting the defendant to withdraw his plea of *nolo contendere* was not a final appealable judgment. After the judgment was set aside and the defendant was permitted to withdraw his plea he was again faced with the indictment to which he could, and at first did, plead not guilty. Without anything further this would have required a new trial. The defendant's subsequent plea of *nolo contendere* to avoid standing

trial again did not and could not make the judgment setting aside the original judgment of conviction a final appealable order.

The Government next contends that, while there is a conflict in the authorities as to the nature of a motion to set aside a judgment under Rule 32(d), such a motion should be held to be a civil proceeding from which the Government could prosecute an appeal and not part of the criminal proceeding. Of course, if the Government were correct in this contention, Section 3731, which is applicable only to appeals from judgments in criminal cases, would not apply here. On this point the Government says that in Stidham v. United States, 8 Cir., 170 F. 2d 294, 297, the court held that a proceeding to vacate a judgment of conviction under Rule 32(d) "is not a criminal proceeding but a civil one". However, the quoted language from that opinion was used by the court not as to a 32(d) proceeding but as to a petition for habeas corpus. In the Stidham case the appeal was by the defendant and there was neither mention nor consideration of the right of the Government to appeal.

In United States v. Lias, 4 Cir., 173 F.2d 685, the court was also confronted with a motion to dismiss an appeal by the United States from an order which vacated a judgment, and permitted the defendant to withdraw his plea of guilty and to enter instead a plea of not guilty. The Government there contended that the order was appealable under 18 U.S.C.A. § 3731, as an order arresting a judgment of conviction. The defendant there, as here, contended that the order was one permitting the defendant to withdraw a plea of guilty pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure. In the Lias case the court pointed out that prior to the enactment of statutes expressly permitting it, the United States could not appeal from a judgment in favor of a defendant in a criminal case. The court there said, 173 F.2d at page 687, that such action by the trial judge " * * * was in no sense one arresting a judgment of conviction,

which puts an end to the case. Arrest of judgment is proper only where it appears upon the face of the record that judgment cannot be legally entered." The court there said further, 173 F.2d at page 688: "The language, as well as the history of this section [18 U.S.C.A. Sec. 3731], shows clearly, we think, that there can be no appeal by the United States except from a final judgment which puts an end to the proceeding * * *."

The Government here frankly admits, however, that both the Lias and Stidham decisions should be considered in the light of the holding in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. While the right of the Government to appeal was not involved in that case and Rule 32(d) was not discussed, the Supreme Court, in discussing a petition for a common law writ of error *coram nobis* to vacate a judgment of conviction in a criminal case, did say, in a footnote on page 505, of 346 U.S., on page 249 of 74 S.Ct., that: "Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." The Court pointed out in that same footnote that the use of such a motion in the case is now the accepted American practice.

We think there can be no real doubt but that in the instant case the proceeding to vacate the judgment and to permit the withdrawal of the defendant's plea of *nolo contendere* was a step in the criminal case. It was filed as authorized by Rule 32(d) of the Federal Rules of Criminal Procedure. The motion was filed in the same court where the defendant was originally convicted and docketed under the same criminal case number as the original action, No. 345-Crim.T. The hearing on the motion was then held and the matter determined by the same trial judge who had heard the original criminal case and who had entered the original judgment of conviction. This motion constituted a direct attack on the defendant's conviction in the original criminal case. After the hearing on the

motion and after the original judgment had been set aside the defendant pleaded over again, was again found guilty, was fined and resentenced in the same proceeding.

As the Supreme Court said in the Morgan case, supra, 346 U.S. at page 505, 74 S.Ct. at page 249: "In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief." In Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 583, 71 L.Ed. 1009, trial courts were warned against the acceptance of pleas of guilty "unless made voluntarily after proper advice and with full understanding of the consequences," and were advised to vacate such a plea "shown to have been unfairly obtained or given through ignorance, fear or inadvertence."

Judge Stone thought and found that "to correct manifest injustice" it was necessary in this case to set aside the judgment of conviction and to permit the defendant to withdraw his plea. He acted accordingly. Such action was a matter within the discretion of the trial judge. United States v. Lias, 173 F.2d at page 688. Under the record and facts in this case we cannot say that the judge abused his discretion in acting as he did.

Finally, the Government argues that a denial of its right to appeal in this case means that we are accepting the interpretation by the District Court of Rule 32(d) that this rule may be resorted to after the defendant has served his sentence and the judgment of conviction has been satisfied. We find it unnecessary to pass on this question since the defendant here had not completely served his sentence and satisfied his judgment of conviction. The defendant was sentenced to three years imprisonment January 7, 1952. He started serving his sentence February 6, 1952. After serving one year he was paroled and on December 15, 1954, while still on parole and still in custody, 18 U.S.C.A. § 4203(a), he filed the 32(d) motion.

The defendant's motion to dismiss the appeal is granted.