MATTER OF S—

In DEPORTATION Proceedings

A–4676827

*Decided by Board May 25, 1962*

Recommendation against deportation—Timeliness not to be challenged after
failure to appeal.

In 1955, the Court vacated its 1952 judgment for which respondent served one
year, permitted his plea of *nolo contendere* and sentenced him to one day.
The Court also recommended against deportation in its later decision. On
appeal, the Circuit Court, without passing on the propriety of the recom-
mendation against deportation (Service had not appealed this issue), held
that the District Court had acted within its authority. The Board then
terminated proceedings on August 26, 1955. Held: the 1955 Board decision
became the law of the case and the Service cannot now, seven years later,
move to reopen the proceedings on the ground that the recommendation
against deportation was improper.

CHARGE:

Warrant: Act of 1917—Sentenced twice for crimes committed in this coun-
try, to wit: Section 145(b) I.R.C., 26 U.S.C. 145(b), and 18
U.S.C. 2 (Rev. Ed.); sections 52 and 88, Title 18 U.S.C., in
re section 52, Title 11.

**BEFORE THE BOARD**

DISCUSSION: The District Director of the Immigration and
Naturalization Service at Chicago requests that the Board with-
draw its order of August 26, 1955, terminating proceedings in the
above entitled matter, and reinstate its decision and order of De-
cember 10, 1954, or that the case be remanded to the Service for
further hearing. The basis of this motion is said to be that recent
decisions of the United States Circuit Court of Appeals for the
Second Circuit and of this Board indicate that if this matter were
to arise at this time a conclusion different from that of August 26,
1955, might result.

The District Director further alleges in his motion to reconsider
that the action taken by the Circuit Court "in the Matter of 345-
Crim-T, Appeal No. 11430, had no bearing on the issue" of the Dis-
trict Court's delayed recommendation against deportation. The
Circuit Court's action is reported as *United States* v. *Shapiro*, 222

678

F.2d 836 (C.A. 7, 1955). The motion states that the Circuit Court "in no way ruled on the propriety or sufficiency of the recommendation against deportation."

Respondent is 65 years of age, a native of Russia, who entered the United States at New York in 1913. This Board found on December 10, 1954, that respondent is an alien, and that his prior claims to United States citizenship are not supported by the record. We found further that respondent was deportable under the 1917 Act for having been convicted twice for crimes involving moral turpitude following entry for which he was sentenced to terms of imprisonment of more than a year. Respondent was first convicted on June 8, 1938, in the District Court of the United States at Milwaukee, Wisconsin, on a verdict of guilty on three counts of unlawfully, knowingly, fraudulently and feloniously concealing from a trustee in bankruptcy property belonging to a bankrupt corporation under Title 11, U.S.C., sections 52 and 88, and Title 18 in re section 52, Title 11. The sentences and judgment were served concurrently, making a total term of imprisonment of one year and six months, served at the House of Correction, Milwaukee, Wisconsin.

On January 7, 1952, respondent was convicted in the District Court of the United States at Milwaukee, Wisconsin, on a plea of *nolo contendere* entered November 5, 1951, of the offense of unlawfully attempting to defeat and evade a large part of the income taxes owed by his wife, R—S—, by filing and causing to be filed, and by aiding and abetting the filing of false and fraudulent income tax returns, in violation of section 145(b) of the Internal Revenue Code, 26 U.S.C. 145(b), and 18 U.S.C. 2 (Rev. Ed.), formerly 18 U.S.C. 550 (1940 Ed.). Respondent was sentenced to three years in a federal penitentiary, and to pay a fine of $10,000. The record shows, and the United States Circuit Court of Appeals stated, *United States* v. *Shapiro*, 222 F.2d 836 (C.A. 7, 1955), that respondent paid the fine, served one year of the sentence as required by statute, and was then paroled. The Court further stated, "He compromised the civil liability of his wife for her taxes for $411,000. This amount was paid by the defendant and was accepted by the Internal Revenue Bureau of Wisconsin in payment of all taxes, penalties and interest due and owing from said R—S— for the years 1942 to 1947, inclusive." Respondent was ordered deported on February 17, 1954, and on December 10, 1954, this Board dismissed his appeal from the order of deportation.

On January 20, 1955, the United States District Court for the Eastern District of Wisconsin vacated and set aside the judgment of conviction which had been entered against defendant on November 5, 1951, and permitted the defendant, respondent in the present matter, to withdraw his plea of *nolo contendere*, and to reinstate his

plea of not guilty. Thereafter, because of the fact that M—S— had served one year in the federal penitentiary and had paid a fine of $10,000, and to avoid a new trial, counsel for the defendant, by leave of the court, filed a new plea of *nolo contendere* to the second count of the indictment and was found guilty as charged. He was then sentenced to *one day* in the custody of the United States Marshal at Milwaukee, said sentence to be satisfied by his reporting to the Marshal's office and being discharged. He was fined $10,000 and was credited with the $10,000 which he had paid previously. The court required that the officer in charge of the Immigration and Naturalization Service at Milwaukee be called, and he appeared and waived further notice with respect to a recommendation against deportation. The court gave the Immigration and Naturalization Service an additional ten days within which to file further representations opposing a recommendation against deportation. The United States Attorney opposed the action of the court in setting aside the judgment of conviction, contending that, since the court did not recommend against deportation at the time of sentencing defendant on January 7, 1952, or within 30 days thereafter, the court had lost jurisdiction to do so. The United States Attorney's memorandum opposing the defendant's motion to withdraw plea of *nolo contendere* referred the court to *United States ex rel. Klonis* v. *David*, 13 F.2d 630; *United States ex rel. Arcara* v. *Flynn*, 11 F.2d 899; and *United States* v. *Kincaide*, E.D. Wisc. #427 Crim. Q. The court was, therefore, fully informed with regard to the adjudication of other tribunals in similar situations. The Government's memorandum declared *Klonis* to be identical with the S— matter and pointed out that the court (per Judge Learned Hand), while it disapproved the drastic punishment of deportation, *found* that the 30-day provision in the statute limited the power of the court, that a *nunc pro tunc* order was not effective, and that the proper remedy was an application for a pardon. Despite the authority to the contrary, on February 12, 1955, Judge Stone held that, 30 days not having expired since January 20, 1955, *the date of imposition of judgment* in this action and passing of sentence on said defendant, and the court being fully advised in the premises, recommended to the Attorney General that the alien not be deported, and ordered and decreed that the judgment and conviction of the defendant, S—, not be used by the United States or the Immigration and Naturalization Service as the basis of any claim that, as an alien twice convicted of crimes involving moral turpitude, the defendant should be deported. The United States appealed from the court's order of January 20, 1955.

The judgment appealed from was the order which vacated and set aside the judgment of conviction and permitted the defendant to

withdraw his plea of *nolo contendere*. The judgment appealed from *did not include the order of February 12, 1955*, that the alien not be deported and that the judgment and conviction not be used as the basis of deportation proceedings. For that reason the present motion to reconsider declares that the Court of Appeals held only, *United States* v. *Shapiro*, 222 F.2d 836 (C.A. 7, 1955), that the order granting the motion to vacate judgment and grant new trial was not a final appealable order, and that the Circuit Court in no way ruled on the propriety or sufficiency of the District Court's recommendation against deportation. The Immigration Service contends that the Circuit Court did not rule on the basic issue, whether or not the District Court could vacate the original judgment, permit the withdrawal of the defendant's plea of *nolo contendere*, and make an order recommending against deportation, as though the court were "*first* imposing sentence," in accordance with 8 U.S.C.A., section 1251(b), section 241(b) of the Immigration and Nationality Act.

The District Director is correct in his contention that the Circuit Court passed only on the propriety of the District Court's order of January 20, 1955, vacating the original judgment of conviction and permitting the defendant to withdraw his plea of *nolo contendere*. The Circuit Court held, first, that Rule 32(d) of the Federal Rules of Criminal Procedure expressly authorizes the District Court to take this action to "correct manifest injustice," and, second, that this order by the District Court was not a final appealable judgment, that it was merely a step in the criminal case. The Circuit Court stated, 222 F.2d 836 at page 840, citing *United States* v. *Morgan*, 346 U.S. 502, *Kercheval* v. *United States*, 274 U.S. 220, *United States* v. *Lias*, 173 F.2d 685 (C.A. 4, 1949), that this was a matter within the discretion of the trial judge, who thought and found that it was necessary to take this action "to correct manifest injustice." Judge Stone stated that the Government withheld institution of deportation proceedings until long after the period of 30 days within which the court might recommend against deportation, that the defendant believed himself to be a citizen, and that the deportation order "expands and increases the sentence imposed" by the court by adding the "punishment" of "exile from this country to Russia for the rest of his life," which would be "manifest injustice." The Circuit Court declared, "Under the record and facts in this case we cannot say that the judge abused his discretion in acting as he did," and dismissed the Government's appeal.

It is now contended by the District Director that the recommendation of the trial judge on February 12, 1955, does not legally comply with the requirements of section 241(b) of the Immigration and Nationality Act and is insufficient to bar the deportation of respondent, citing *United States ex rel. Piperkoff* v. *Esperdy*, 267 F.2d

72 (C.A. 2, 1959), and recent decisions of this Board, *Matter of L—*, 8—389, *Matter of B—*, 8—686, and *Matter of P—*, 8—689. In all of these decisions the Board relied on *Piperkoff*, and we found that when the trial court has disposed of a case after a finding of guilty and has imposed sentence, the case is no longer pending for action, either actually or in theory, and that the recommendation against deportation to be effective must be made within 30 days from the time sentence was *first* imposed. Quoting *Piperkoff*, "To hold otherwise would be to defeat the plain command of the statute, which strictly and for good purpose, limits the time within which the extraordinary power vested in the trial court must be exercised." However, the rule must be modified to the extent that our decision in *Matter of P—*, 8—689 (B.I.A., June 21, 1960), was reversed by the Attorney General in *Matter of P—*, 9—293 (Atty. Gen., May 24, 1961). The Attorney General declared that the test, according to *Piperkoff*, is whether or not the trial court's "sole basis" for granting *coram nobis* (or for retrying a case or for permitting withdrawal of a guilty plea) was to make the statutory recommendation against deportation. The Attorney General found that *Matter of P—* should not be governed by *Piperkoff*, in that the court granted *coram nobis* to P— because of a "constitutional defect" in the prior conviction, in that under the New York Constitution and New York cases and on the facts of *P—* there was a substantial question of lack of counsel and failure to understand the charges. The District Attorney did not oppose granting the writ. The instant case does not fall within the Attorney General's decision in *Matter of P—*, 9—293. Judge Stone's memorandum makes it quite clear that he took the action to benefit S— solely to avoid deportation.

It is the conclusion of the Board that the order of the trial judge of the United States District Court, Eastern District of Wisconsin on February 12, 1955, that the judgment and conviction of the defendant, S—, could not be used as the basis of a deportation proceeding against respondent as an alien twice convicted of crimes involving moral turpitude became the law of the case at the time of adjudication, and that it cannot be challenged at this late date. When the United States appealed from the action of the trial court in setting aside the defendant's plea of *nolo contendere*, the Government apparently informed the Circuit Court (222 F.2d 836, at page 838) "that insofar as it was concerned the action of the District Court was final and for that reason a notice of appeal was filed to protect the rights of the United States. But according to the notice of appeal, the appeal was only from the order of the District Court granting the defendant's motion to vacate and set aside

the judgment of conviction herein and permitting the defendant to withdraw his plea of *nolo contendere*." The Government did not appeal from the February 12, 1955, order recommending that defendant not be deported. Having abandoned that issue, we agree with counsel that the Immigration Service cannot at this time revive those proceedings against respondent.

The courts and this Board have held repeatedly that after deportation has been accomplished the alien will not be permitted to attack the validity of the deportation order in a subsequent expulsion or exclusion proceeding. In *Matter of C—*, 8—276, at page 278, we cite ample authority to support this proposition. *Matter of C—*, *supra*, holds that no collateral attack is permitted on an executed deportation order notwithstanding a later *coram nobis* action that resulted in vacating the conviction record supporting respondent's expulsion. When we terminated proceedings on August 26, 1955, after the United States District Court for the Eastern District of Wisconsin had ordered and decreed that S— not be deported, and that his conviction on January 20, 1955, not be used as the basis of any deportation proceeding, the law of this case became fixed.

The issue is not raised in the motion, but for a second reason the Board declines to reopen proceedings against respondent. The record shows (Exh. C) that following its order of January 20, 1955, setting aside judgment and sentence, the defendant was adjudged guilty on his plea of *nolo contendere* as to count two and sentenced to the custody of the Attorney General for *one day*, "such commitment to be satisfied by the defendant surrendering to the custody of the United States Marshal at Milwaukee, Wisconsin, said sentence to expire forthwith." The charge in this case was drawn under the Immigration Act of 1917, section 19(a), and that law directed the deportation of an alien "who is hereafter sentenced more than once to such a term of imprisonment [a term of one year or more] because of conviction in this country of any crime involving moral turpitude, committed at any time after entry." When the court reduced the sentence for the income tax offenses from the original term of three years to the final sentence of one day, the 1917 charge falls, without regard to the recommendation against deportation. The Circuit Court held that it was within the authority of the District Court under Rule 32(d), 18 U.S.C.A., to take this action. Therefore, the Government in this case is bound by the final sentence (of one day) which was not sufficient to support the charge set forth in the warrant of arrest.

The motion to reconsider must be dismissed.

**ORDER:** It is ordered that the motion be and is hereby denied.