THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEONARD L. LONGE, Appellant.

Third Department, June 29, 1945.

*Anthony P. Lucas*, attorney (*Harold E. Blodgett* and *John J. Snapp* of counsel), for appellant.

*William M. Nicoll, District Attorney* (*Adam Ogonowski* of counsel), for respondent.

*Per Curiam.* Appellant attacks the indictment under which his conviction was had, upon the ground that the court's dismissal of the rape count " nullified the count charging first degree burglary." The second count separately charged an attempt at rape, an assault committed during the commission of which was an essential element of the crime charged in the first count. The mere fact that after the plea to the first count

the second count was dismissed, as an act of mercy or for whatever reason, had no legal effect upon the validity of the first count. The first count is good even if there had been no second count. Moreover appellant failed to challenge the sufficiency of the indictment in the court below. He may not now raise that question for the first time on appeal.

But the conviction should be reversed and the defendant be permitted to withdraw the plea of guilty which was a basis of his conviction. The County Judge had power to grant defendant's motion for permission to withdraw his former plea and enter a plea of not guilty. (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19.) Moreover at the time the motion was made the sentence had not gone into execution. The defendant was still in the custody of the sheriff and was before the court when he sought to withdraw his plea. The court's remarks indicate doubt as to whether after " a most searching investigation " the assault committed upon the complainant was during the commission of a felony or a misdemeanor. It is noted that while the date of the crime charged is February 18, 1944, the complainant's information was not taken until the *sixth* day thereafter and we are not told of anything which explains the delay of the prosecutrix in making her outcry. Such delay is, of course, entirely consistent with the fact that the defendant's purpose in breaking into the house was to commit adultery only. While there can be little doubt that an assault upon a woman committed in the course of attempting to rape her, is in all respects a criminal assault, still there may be doubt as to whether acts which otherwise might constitute an assault and battery are such when performed in connection with a solicitation to persuade the female to join in an act of adultery. As charged in the indictment, defendant was not guilty of burglary in its highest degree unless his assault upon her was in itself a criminal act committed as a part of his attempt to ravish her. Since the court seemed to have had some doubt as to whether the component crime was attempted rape, or adultery, and since, if the latter, there is serious doubt as to whether a necessary element of first degree burglary was present, we are convinced that as an act of justice the court should have granted the motion and have let the matter go to a jury. The very seriousness of the crime charged and the heavy mandatory punishment prescribed therefor helps to persuade us to this view.

The judgment of conviction and the order of the County Court denying defendant's motion for permission to withdraw his plea of guilty and to enter a plea of not guilty should be reversed.

HILL, P. J. (dissenting). Defendant appeals from a judgment of conviction of burglary in the first degree, entered upon his plea of guilty. The notice of appeal further recites that the appeal is also from an order of the Schenectady County Court " denying defendant's motion for permission to withdraw his plea of guilty and to enter a plea of not guilty * * * ". He pleaded not guilty on April 27, 1944; on May 15th the District Attorney moved the indictment for trial. The defendant, represented by counsel, then pleaded guilty to burglary, first degree, and the District Attorney moved to dismiss the second count charging attempted rape, first degree. The court dismissed the attempted rape count and adjourned the court until May 24th, placing defendant in the custody of the Schenectady county sheriff. On the latter date the matter again was taken up and counsel for the defendant asked that a suspended sentence be pronounced. The District Attorney presented his view of the facts, and the court at some length reviewed defendant's conduct, and pronounced the lightest sentence that the law permitted. On May 31st and after the defendant had begun to serve his sentence, the matter again came before the court and counsel asked that defendant be permitted to withdraw the plea of guilty and enter one of not guilty. The only order was a statement by the court, " There is no statutory reason for the court to vacate this judgment, so I must deny the motion." Counsel for the defendant on this appeal argues that when the court dismissed the count charging attempted rape it thereby " nullified the count charging first degree burglary ", and attacked the indictment as defective. There is serious doubt if the Schenectady County Court on May 31st, after sentence and the commencement of the imprisonment had begun, had jurisdiction to permit the withdrawal of the plea of guilty. Until the decision by the Court of Appeals in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) the law was settled, and the court would have had no jurisdiction. " After judgment on a plea of guilty and the beginning of the term of imprisonment the court was without jurisdiction to permit the defendant to change his plea (Code Crim. Pro., § 337; Penal Law, § 2188; *People ex rel. Woodin* v. *Ottaway*, 247 N. Y. 493)." (*Matter of Dodd* v. *Martin*, 248 N. Y. 394, 396.) This authority and others have been frequently followed by the courts as late as 1942. (*People* v. *Wright*, 263 App. Div. 1020.) *Matter of Lyons* v. *Goldstein* (*supra*), a four to three decision in the Court of Appeals, changed the rule in one particular. The majority opinion, speaking of section 337 of

the Code of Criminal Procedure says: " It merely authorizes the court, in its discretion, at any time before judgment upon a plea of guilty, to permit it to be withdrawn for any cause or for no cause at all and a plea of not guilty substituted. It does not purport to exclude jurisdiction of a competent tribunal to correct mistakes in its own judgments, or to investigate and, in a proper case and upon a proper showing, to set them aside at any time if they are based upon trickery, deceit, coercion or fraud and misrepresentation." It is not argued that defendant was induced to enter his plea through trickery, deceit, coercion or fraud and misrepresentation. Thus it may be forcefully argued that his motion, made after judgment and sentence, is governed by *Matter of Dodd* v. *Martin (supra)* and other authorities of even longer standing.

If we assume that the Schenectady County Court had jurisdiction to permit a change of plea, the only ground stated was defendant's desire. The sufficiency of the indictment was not questioned. He may not be heard now for the first time concerning the sufficiency of the indictment.

" An indictment cannot be attacked upon appeal unless some foundation was laid therefor before final judgment was rendered. An accused person may take advantage of a defective indictment by demurring thereto before the trial, by objecting thereto during the trial, or by a motion in arrest of judgment made after the trial. * * * If a defendant with all these chances open to him omits to question the indictment before the trial, during the trial or after the trial and makes no objection to the form or sufficiency thereof until the argument of an appeal from the judgment of conviction, he cannot then be heard upon the subject." (*People* v. *Wiechers*, 179 N. Y. 459, 461-462.) " The appellant argues that the first count of the indictment, under which the conviction was had, does not state facts sufficient to constitute a crime, and should have been dismissed. He cannot now be heard upon that question, not having demurred or moved upon the trial to dismiss the indictment or in arrest of judgment upon such ground. It cannot be raised for the first time on appeal." (*People* v. *Graffeo*, 172 App. Div. 694, 699, affd. 220 N. Y. 722.) " The court in which the indictments were found and presented has jurisdiction of this class of offenses, and must in the first instance determine the validity of the indictments." (*People ex rel. Childs* v. *Knott*, 228 N. Y. 608.)

The weight of authority indicates that the Schenectady County Court was without jurisdiction to grant the relief asked by the defendant at the May 31st session, but assuming that it

did have, no reason was presented for the exercise thereof, and no complaint or criticism of the indictment by demurrer or by motion in arrest of judgment having been made, this court may not now for the first time pass upon the sufficiency of the indictment.

The trial court pronounced the lightest sentence permitted. The rigidity of the Penal Law (§ 407) may not be softened by the courts.

The judgment of conviction should be affirmed.

HEFFERNAN, BREWSTER and FOSTER, JJ., concur in *Per Curiam* opinion; HILL, P. J., dissents in opinion in which LAWRENCE, J., concurs.

Judgment of conviction and order of the County Court denying defendant's motion for permission to withdraw his plea of guilty and to enter a plea of not guilty, reversed.