THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NICHOLAS FORLANO and CARMINE PERSICO, JR., Appellants.

First Department, October 29, 1963.

*Abraham H. Brodsky* for Nicholas Forlano, appellant.

*Maurice Edelbaum* for Carmine Persico, appellant.

*H. Richard Uviller* of counsel (*Frank S. Hogan, District Attorney,* with him on the brief), for respondent.

*Per Curiam.* Defendants Forlano and Persico appeal from judgments of conviction entered on February 6, 1963, upon defendants' pleas of guilty to the crime of assault in the third degree. Each defendant was sentenced to one year in the New York City penitentiary. Motions to vacate the sentences and to withdraw the pleas of guilty were denied.

A certificate of reasonable doubt was granted and each defendant is now out on bail.

Section 337 of the Code of Criminal Procedure provides: " The court may in its discretion, at any time before judgment upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted."

This power has been construed to extend to any time after judgment of conviction and imposition of sentence which had not

yet gone into execution (Penal Law, § 2188; *Matter of Dodd* v. *Martin,* 248 N. Y. 394; *People* v. *Longe,* 269 App. Div. 474). And where there is fraud in its judgment, not here claimed, the court has inherent power to set aside such judgment though execution of sentence has begun (*Matter of Lyons* v. *Goldstein,* 290 N. Y. 19).

The basis for the application for withdrawal of the pleas was an alleged promise made by the court. This the court denied on the record, and we reach no contrary conclusion.

Examination of the record and the sequence of events set forth persuades us that there existed a grave misunderstanding on the part of defense counsel as a result of certain matters, the exact nature and content of which is not clear, and which to some extent influenced their recommendation to their respective clients to withdraw a plea of not guilty, and to enter a plea of guilty.

We do not find any specific promise to have been made. However, we deem it would best serve the ends of justice in view of the circumstances of this case to reverse the order denying defendants' motions to withdraw their respective pleas of guilty and to vacate the judgments of conviction herein, and order a new trial (cf. *People* v. *Gowasky,* 244 N. Y. 451, 465; *People* v. *Steir,* 268 App. Div. 961).

The People, with commendable candor, in response to questions, stated the complaining witness is still available. Since the People cannot be prejudiced, and in light of the circumstances of this particular case, it would have been a provident exercise of discretion to grant the application.

The judgments appealed from should be reversed and a new trial granted on the law and in the exercise of discretion with leave to each defendant to withdraw his plea of guilty.

Steuer, J. (dissenting). Defendants appeal from judgments of conviction and seek to review a ruling of the sentencing Judge denying their applications to withdraw their pleas of guilty. The claim is made that the sentencing Judge promised to impose suspended sentences. We believe that the entire court is of the opinion that the record does not support a finding that any such promise was made. It is the majority's opinion that defendants' counsel believed that such a promise was made, the information conveyed to the defendants, and the pleas bottomed thereon. The majority concludes that it was an abuse of discretion to deny the applications under these circumstances. It should be added that the applications were made immediately and no particular prejudice was shown.

Discretion, by definition, implies the power to decide a question either way, and it is not abused unless a right-minded indi-

vidual could not have made the decision reached. It is no test of abuse that a reviewing Judge would have acted differently. Bearing this in mind, the facts as shown by the record are examined.

Defendants were charged with an assault on the complaining witness. Counsel stated to the court their version of the incident which was, generally, that defendants, who had previously loaned the complainant money which he had not repaid, came across him by chance in a night club where he was entertaining lavishly. Words were exchanged and complainant was punched. The court indicated that, if this were the fact, he would be disposed to suspend sentence. The court, with the acquiescence of the District Attorney, stated that he would await a probation report. Defendants' counsel urged the court to impose sentence at once, conceding that the report would be '' bad '', that is, show that the defendants were not good people. The court stated that this fact would not change his disposition to suspend sentence but adhered to his ruling to await the report. The District Attorney stated that he did not agree with the version of the incident given by the defendants.

In this background it is easy to see how defendants' counsel reacted. They had reason to believe that the version of the incident given them by their clients represented the fact. If so, their prior history was not to be a bar; assuming this fact, they could and did advise their clients.

Defendants place particular reliance on the Judge's notes made at the conference at which it is claimed the promise was made. But these notes show an opposite situation completely, in accord with the statement and action of the court on sentence. The notes read: '' Probation report will be bad, but probably SS probation because complainant is bad, or worse than they.'' The word '' probably '' completely belies an absolute promise but does indicate an intended course of action subject to change if unforeseen events intervene. The obvious condition to the suspended sentence was what the probation report would reveal not as to defendants' characters but as to the incident. Admittedly, this was discussed and the court even advised defendants' counsel as to it. Despite this, the District Attorney's warning as to what the report would reveal proved correct, and it appeared that the incident was no casual fist fight but was something more consequential and sinister.

So it appears that defendants sought a suspended sentence based on a deception of the court. Of this, the court expressly exonerated counsel of having any knowledge, and we find no reason to disagree. If, under these circumstances, they sought

to withdraw their pleas when the deception was discovered, how can it be said that no right-minded man would deny them this privilege? The mere fact that counsel were also deceived by their clients, and based their advice on an assumption that the facts were as stated to them, adds nothing to the situation.

RABIN, STEVENS and EAGER, JJ., concur in *Per Curiam* opinion; STEUER, J., dissents in opinion, in which BREITEL, J. P., concurs.

Judgments of conviction reversed, upon the law and in the exercise of discretion and a new trial ordered, with leave to defendants to withdraw their pleas of guilty.