UNITED STATES of America ex rel.
Edward SCOTTALINE, Petitioner,

v.

Edward M. FAY, Warden of Green Haven
Prison, Stormville, New York,
Respondent.

United States District Court
S. D. New York.

Nov. 12, 1963.

Edward Scottaline, pro se.

Louis L. Lefkowitz, Atty. Gen. of the State of New York, Vincent A. Marsicano, New York City, Asst. Atty. Gen., of counsel, for respondent.

WEINFELD, District Judge.

Petitioner attacks a judgment of conviction entered upon his plea of guilty with the advice of counsel in the Kings County Court of the State of New York upon the ground that the evidence submitted to the grand jury was obtained in violation of his rights under the Fourth Amendment to the Federal Constitution. He alleges that police officers conducted an illegal search of his apartment and illegally seized a revolver which was the subject matter of a charge of illegal possession of a dangerous weapon. The issue was not raised at any time in the State Court and no motion or other proceeding ever taken there with respect thereto. The factual details of the claim of illegal search and seizure are not set forth, nor is there any support for the statement that the alleged unlawfully seized evidence was in fact submitted to the grand jury. Whether or not it was does not appear.

The petitioner contends that since at the time of his plea in October, 1959, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), had not been decided, it would have been futile under existing State law for him to have made any motion for suppression. It is unnecessary to consider this aspect of petitioner's claim or the claim advanced by the State that the plea of guilty constituted an effective waiver of any claimed illegal search or seizure. What is dispositive is that the petitioner has taken no steps to present his present contentions to the State Courts.

Assuming arguendo that petitioner is correct in his position that a writ of error coram nobis or a writ of habeas corpus is not available to him, there are other avenues of relief which have not been exhausted. Petitioner alleges that by virtue of a prior conviction in the State Courts, upon which he owed time, he has not yet commenced to serve the sentence which was imposed under the judgment of conviction he now attacks. Thus, apart from any other remedy, he is free to apply for relief to withdraw the plea of guilty on the grounds

now advanced both in his petition and in the traverse to the return. See Matter of Lyons v. Goldstein, 290 N.Y. 19, 47 N.E.2d 425 (1943); People v. Longe, 269 App.Div. 474, 57 N.Y.S.2d 337 (3d Dep't 1945).

The motion is denied for failure to exhaust available State remedies.