**492**

Roberto Federico Vincent **JOSEPH**,
Petitioner,

v.

**P. A. ESPERDY**, District Director, United
States Immigration and Naturaliza-
tion Service, Respondent.

No. 66 Civ. 1555.

United States District Court
S. D. New York.

July 1, 1966.

Max Schlem, New York, New York, for Roberto Federico Vincent Joseph.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Francis J. Lyons, Sp. Asst. U. S. Atty., of counsel, for respondent.

## MEMORANDUM

TENNEY, District Judge.

Petitioner applies herein for a writ of habeas corpus to examine into his detention for deportation by the Immigration and Naturalization Service.

Petitioner is an alien, a native and citizen of Panama, who is held by the Attorney General, through his delegate, the District Director for the New York

District Immigration and Naturalization Service, on the authority of Section 242 (c) of the Immigration and Nationality Act, 8 U.S.C. § 1252(c), for immediate deportation to Panama. He was admitted to the United States for permanent residence on August 27, 1948. On February 23, 1966 petitioner was convicted on his plea of guilty in the Criminal Court, New York city (Brooklyn) for possession of heroin, in violation of Section 1751 of the New York Penal Law, McKinney's Consol.Laws, c. 40.

On April 20, 1966 petitioner was taken into custody in deportation proceedings in which it was charged that he was subject to deportation under Section 241(a)(11) of the Act, 8 U.S.C. § 1251(a)(11), in that he was an alien who had been convicted for a violation of a law relating to the possession of narcotic drugs.

On April 26, 1966 he was accorded a hearing in accordance with Section 242 (b) of the Act, 8 U.S.C. § 1252(b), at which he was represented by counsel. In that hearing, it was conceded that he had been convicted for the aforesaid violation of a narcotic law. The sole question raised related to whether he had been naturalized since he came to the United States. It was developed that he had not. At the close of the hearing, the Special Inquiry Officer entered a decision in which he found the relator to be an alien and deportable as charged.

Deportation was ordered to Germany, the country chosen by the relator and alternatively, if Germany would not accept him, to Panama, the country of citizenship, as provided by Section 243(a) of the Act, 8 U.S.C. § 1253(a).

Petitioner was advised of his right to appeal from the decision to the Board of Immigration Appeals, and he reserved the right to do so. Upon his failure to file an appeal within ten days, the order of the Special Inquiry Officer became the final order in his case, 8 C.F.R. 242.20. Pursuant to that order, the District Director is now prepared to deport the relator to Panama, Germany having refused to accept him as a deportee.

There are a number of serious obstacles, both procedural and substantive, to the relief herein sought, and they will be considered seriatim.

Initially, it must be noted that Rule 27(b) of the General Rules of this Court specifically provide that a "writ will not be allowed" unless there was an appeal and affirmance of the deportation order by the Board of Immigration Appeals. The language is mandatory and since there was no appeal herein this alone would be a valid basis for denial of the relief.

Petitioner concedes in the instant application that he is an alien and that the hearing examiner, based on the record before him, found petitioner deportable. Petitioner, however, contends that the narcotics conviction upon which the deportation order is based is a void and invalid judgment and should be vacated by this Court. After said judgment is vacated, petitioner argues, he will then be entitled to the writ of habeas corpus since his deportation detention will be invalid.

Petitioner, as noted, pleaded guilty (while represented by counsel) to the narcotics charge. He maintains that the plea and conviction are void because he was not advised that as a result of the plea he would be subject to deportation. While he argues in his papers that the plea subjected him to cruel and inhuman punishment (which is clearly a frivolous claim), his attorney more cogently argues that the plea was involuntary and accordingly the conviction should be vitiated.

Petitioner, after the sentence was imposed, did not petition the sentencing Court to withdraw the plea (Section 337, Code of Criminal Procedure), nor did he petition said Court to withdraw the plea in April of 1966 when he realized the consequences of his conviction. See People v. Forlano, 19 A.D.2d 365, 243 N.Y.S.2d 559, 560 (1st Dep't 1963) and cases therein cited. In addition, he sought no collateral relief in the State courts by way of a writ of error *coram nobis*.

