Commonwealth *v.* Lynch, Appellant.

Argued March 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Melvin Dildine*, Assistant Defender, and *Herman I. Pollock*, Defender, for appellant.

*James D. Crawford*, Assistant District Attorney, with him *Victor J. DiNubile, Jr.* and *Alan J. Davis*, Assistant District Attorneys, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., June 16, 1967:

The issue involved here is the right of a criminal defendant to withdraw his plea of guilty before sentence.

The appellant was charged with assault and battery, aggravated assault and battery, assault and battery by cutting and conspiracy. On August 8, 1966, while represented by Isaac Pepp, Esq., he plead guilty to the assault and battery charge, and at the same time the assistant district attorney asked permission to nol. pros. the other three charges and recommended to President Judge JOSEPH SLOANE, who was hearing the case, that a sentence of six months to one year be imposed to run concurrent with a sentence previously imposed by Judge RAYMOND PACE ALEXANDER, another Philadelphia Judge. The plea and recommendations were the result of an agreement entered into by appellant's counsel and the assistant district attorney. Judge SLOANE granted leave to nol. pros. the other charges and imposed a sentence in accordance with the recommendation of the assistant district attorney. After imposing this sentence Judge SLOANE ordered a post-sentence investigation. As a result of the investigation Judge SLOANE decided to alter the sentence, and after proper notice to all parties called the appellant before him for sentence on August 31, 1966. At that time appellant's counsel, Mr. Pepp, requested permission to withdraw the plea of guilty. Permission was refused by the court who vacated the sentence of August 8th and imposed a sentence on the assault and battery charge of not less than six months nor more than twenty-three months to begin at the expiration of the sentence imposed by Judge ALEXANDER from which sentence this appeal is taken.

Appellant asks for a new trial on the ground that he should have been permitted to withdraw his guilty plea.

"A motion to withdraw a plea of guilty and enter a plea of not guilty is addressed to the sound discretion of the court before which the plea was entered, and unless there has been a clear abuse of that discre-

tionary power its action will not be reversed." *Commonwealth ex rel. O'Niel v. Asbe,* 337 Pa. 230, 231, 10 A. 2d 404 (1940). Thus, unless Judge SLOANE abused his discretion we must affirm.

Appellant argues that Judge SLOANE promised to impose the sentence of August 8th prior to the entry of the plea and that this promise induced the plea. We are satisfied that Judge SLOANE did not make any promises, express or implied, and that appellant's arguments based on that assertion are invalid.

No testimony was taken on this issue and all that we have before us is the record, the opinion of the court below, and an affidavit filed by Mr. Pepp. It is agreed by everybody involved that prior to entering the plea on August 8th the assistant district attorney and Mr. Pepp discussed the case and reached an agreement between them. The defendant agreed to plead guilty to simple assault and battery and the district attorney agreed to ask permission to nol. pros. the other charges and recommend the concurrent sentence. The attorneys then requested a conference with Judge SLOANE in the court's ante-room concerning the propriety of the negotiated plea. What happened at that conference is disputed. Mr. Pepp alleges in his affidavit that Judge SLOANE at that time stated that if the defendant did enter a plea of guilty to the charge of simple assault and battery, he would accept the Commonwealth's recommendation and would impose upon the defendant a sentence of six months to one year to run concurrently with the sentence the appellant was then serving. Judge SLOANE, in his opinion, states that he told counsel at that time that an agreement such as they had entered into between themselves was proper, but that he as the judge should not take part in any such bargaining, nor would he be bound by any agreement. In support of Judge SLOANE'S version of what happened, the notes of testimony on August 31, 1966 show that

when Judge SLOANE said: "I certainly made no promise", Mr. Pepp replied: "Of course your honor made no promise. I wouldn't dream of exacting a promise from your honor under any circumstances."

A judge who makes a promise as to what his judgment will be in advance of hearing a case is guilty of judicial misconduct, and allegations of such misconduct should be clearly proved to warrant the fastening of discredit upon any judicial officer. *Commonwealth v. Senauskas*, 326 Pa. 69, 191 A. 167 (1937). Here such allegations cannot be sustained in light of the judge's own statement to the contrary and defense counsel's admission that the judge did not make a promise to impose the sentence. Judge SLOANE'S experience, knowledge and skill in the field of criminal law also lead us to the inescapable conclusion that he didn't make such a promise.

Secondly, appellant argues that the judge's role in the bargaining per se invalidates the plea. However, plea bargaining between the Commonwealth and defense attorneys is not proscribed in Pennsylvania, and if properly safeguarded does not infringe on a defendant's constitutional rights. *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A. 2d 699 (1966). Appellant argues that Judge SLOANE discussed the sentence to be imposed with counsel and that such action is prohibited by *Kerekes*. However, all that Judge SLOANE did was to tell counsel that it was proper for them to agree between themselves, but that he would take no part in the bargaining or be bound by the agreement. This was not the sort of discussion, by judges frowned on in *Kerekes*, but rather a strict adherence to the safeguards commanded.

Lastly, appellant argues that even if there was no promise, his counsel misled him into thinking there was one. But this allegation that defense counsel believed the judge had promised to impose the original

sentence and communicated this belief to his client did not require the court to permit withdrawal of the plea as an induced plea or in the interest of justice where no facts supported the allegation.

In support of his argument defense counsel cites *People v. Forlano,* 243 N.Y.S. 2d 559 (N.Y. App. Div. 1963). In that case by a three to two decision, after finding the court had made no promise, permission to withdraw pleas of guilty was granted on the basis that there existed a grave misunderstanding on the part of defense counsel which to some extent influenced their recommendation to their clients to enter pleas of guilty. However, several Pennsylvania cases have held to the contrary. In *Commonwealth v. Senauskas,* supra, a similar reason was advanced and it was held that the fact that counsel believed there was an understanding with the court was not sufficient to permit a withdrawal. Refusal to permit withdrawal of a plea of guilty on the basis that defense counsel, after a conference with the judge and an assistant district attorney, "drew the conclusion" that the defendant's sentence would be no greater than life imprisonment and that he so advised his client was sustained in *Commonwealth v. Green,* 396 Pa. 137, 151 A. 2d 241 (1959).

The difficulty with appellant's last argument is that there is nothing in the record to indicate *what* information or belief he relied on in changing his plea. We can find no evidence in the record, including Mr. Pepp's affidavit, that appellant was told the judge promised a particular sentence if he entered a guilty plea. In fact, Mr. Pepp stated in court that no promise was made by Judge SLOANE and that he realized it would have been improper for him to have insisted on a promise by the judge. At best, the record shows that appellant was informed of the discussion with the district attorney. If he drew an erroneous conclusion from that fact, the mere possibility of such conclusion

would not compel withdrawal of the guilty plea. See *Commonwealth v. Kirkland,* 413 Pa. 48, 195 A. 2d 338 (1963). We can find no clear abuse of discretion by the lower court in refusing to allow withdrawal of the plea on the basis of an allegation unsupported by facts.

Judgment of sentence affirmed.