MATTER OF FORTIS

In Deportation Proceedings

A–10761351

*Decided by Board January 29, 1974*

Respondent's conviction on a plea of *nolo contendere* of possession of marijuana in violation of section 11530 of the Health and Safety Code of California is sufficient to sustain a charge of deportability under section 241(a)(11) of the Immigration and Nationality Act, as amended.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—At any time after entry has been convicted of a violation of a law relating to the illicit possession of marijuana.

ON BEHALF OF RESPONDENT:  Michael R. Crosner, Esquire
8447 Wilshire Boulevard
Beverly Hills, Calif. 90211

This is an appeal from an order of an immigration judge finding the respondent deportable, denying his request for termination of the proceedings, and directing his deportation to El Salvador. The appeal will be dismissed.

The respondent is a 36-year-old married male alien, native and citizen of El Salvador, who was admitted to the United States for permanent residence on November 22, 1959. At a hearing before an immigration judge, at which he was represented by present counsel, respondent denied that he was convicted of possession of marijuana in violation of section 11530 of the Health and Safety Code of California, and denied deportability. The immigration judge found the respondent to be deportable and, finding him ineligible for discretionary relief, ordered his deportation.

The record indicates that on April 30, 1970, in the Superior Court of California for the County of Los Angeles, the respondent, through other counsel, pleaded *nolo contendere* to an information charging him with the crime of unlawful possession of marijuana under section 11530 of the Health and Safety Code of California (Ex. 2). The record shows that this plea was approved by the court and the respondent was sentenced to three years' probation and

fined $300 (Ex. 2). The immigration judge concluded that this evidence established that the respondent was deportable as charged.

On appeal counsel maintains that a conviction on a plea of *nolo contendere* is not a conviction within the scope of section 241(a)(11) of the Act. We reject this contention. It is settled that a plea of *nolo contendere*, when accepted by the court, becomes for all practical purposes the full equivalent of a plea of guilty, *Farrington* v. *King*, 128 F.2d 785 (C.A. 8, 1942). A conviction on a plea of *nolo contendere* has been held sufficient to sustain a deportation charge under section 241(a)(11) of the Act, *Ruis-Rubio* v. *INS*, 380 F.2d 29 (C.A. 9, 1967), cert. denied 389 U.S. 944. See also *Chu* v. *Cornell*, 247 F.2d 929, 938 (C.A. 9, 1957), cert. denied 355 U.S. 892 and *Matter of W—*, 5 I. & N. Dec. 759 (BIA 1954).

Counsel further contends that since the respondent was never advised that his plea would make him deportable, he was denied due process of law. The fact that a defendant is not made aware of every possible collateral consequence of his plea, including that of deportation, does not amount to a denial of due process which would vitiate the plea, *United States* v. *Santelises*, 476 F.2d 787, 789 (C.A. 2, 1973); *Wurzinger* v. *INS*, 483 F.2d 1406 (table), unreported opinion (C.A. 7, No. 72–1448, August 6, 1973), cert. denied 414 U.S. 1070 (1974); *United States* v. *Sambro*, 454 F.2d 918 (D.C. Cir. 1971); *U.S. ex rel. Durante* v. *Holton*, 228 F.2d 827, 830 (C.A. 7, 1956), cert. denied 351 U.S. 963; *Joseph* v. *Esperdy*, 267 F. Supp. 492, 494 (S.D.N.Y. 1966). This rule has been applied even where an alien has been affirmatively misled by counsel into believing that his plea would not subject him to deportation, *United States* v. *Parrino*, 212 F.2d 919, 921 (C.A. 2, 1954). We have held that insofar as deportation proceedings are concerned, an immigration judge cannot entertain a collateral attack on a judgment of conviction unless that judgment is void on its face, and he cannot go behind the judicial record to determine the guilt or innocence of the alien. See *Matter of Sirhan*, 13 I. & N. Dec. 592, 594 (BIA 1970); *Wilson* v. *Carr*, 41 F.2d 704, 706 (C.A. 9, 1930); *U.S. ex rel. Freislinger* v. *Smith*, 41 F.2d 707, 708 (C.A. 7, 1930). Counsel's reliance on *United States* v. *Briscoe*, 432 F.2d 1351 (D.C. Cir. 1970), is misplaced, since that case involved a collateral challenge to a conviction in criminal, not deportation, proceedings.

We note that while this appeal was pending the Supreme Court denied respondent's petition for a writ of certiorari, 404 U.S. 1000 (December 20, 1971). The following order will be entered.

**ORDER:** The appeal is dismissed.