## MATTER OF KANEDA

### In Deportation Proceedings

### A-22205731

*Decided by Board February 28, 1979*

(1) Virginia Code Section 18.2-251 is a counterpart to the Federal First Offender Statute, 21 U.S.C. 844(b)(1); and a marihuana charge dismissed pursuant to such a statute may not be used as a basis for deportability under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11).

(2) The test for whether a state statute constitutes a counterpart to the Federal First Offender Statute is whether it complies with the Congressional intent to give an offender a second opportunity without the conviction remaining for some state purpose.

(3) The time a respondent was incarcerated prior to the dismissal of the charge is not determinative on the issue of whether a drug charge was properly dismissed pursuant to a state first offender statute.

(4) Defeating deportability is a permissible purpose of a state first offender statute. *Rehman v. INS*, 544 F.2d 71 (2 Cir. 1976).

(5) Absent a showing of lack of jurisdiction, a Virginia State trial judge's order rescinding sentence, and placing an alien under probation on condition he serve and pay the previously imposed sentence, and that on completion the charge would be dismissed pursuant to Virginia Code Section 18.2-251, as a first offender, followed by a later order dismissing the charge, had the effect of defeating deportability based on that conviction.

(6) Lack of jurisdiction to dismiss a criminal charge after conviction must be affirmatively shown. *Matter of Sirhan*, 13 I. & N. Dec. 592 (BIA 1970); *Matter of O'Sullivan*, 10 I. & N. Dec. 320 (BIA 1963).

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of possession of marihuana

ON BEHALF OF RESPONDENT:
Elihu S. Massel, Esquire
122 E. 42nd Street
New York, New York 10017

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from a decision by the immigration judge dated May 15, 1978, finding the respondent deportable under section

241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11), as an alien convicted of possessing marihuana under the law of the State of Virginia and denying him the privilege of voluntary departure. The appeal will be sustained and the deportation proceedings will be terminated.

The respondent is a 21-year-old native and citizen of Japan who entered the United States on September 3, 1976, as a nonimmigrant student in order to attend Syracuse University. On February 25, 1977, he was arrested by Virginia authorities, while he was riding an Amtrak train, for possession of approximately 4,448 grams of marihuana. On July 29, 1977, he pleaded guilty to a misdemeanor charge of possession of marihuana in violation of Virginia Code Section 18.2–248. He was then sentenced to a term of 12 months confinement in the county jail, four months of which were suspended, as well as a fine (Ex. 2).

On October 28, 1977, the same Virginia judge entered an order rescinding the respondent's sentence, placing him under probation on the condition that he serve and pay the previously imposed sentence and fine, and providing that upon completion of the jail term the marihuana charge would be dismissed pursuant to Virginia Code Section 18.2–251, the State's first offender statute. On August 15, 1978, the Virginia judge entered an order dismissing the charge against the respondent pursuant to Virginia Code Section 18.2–251.

The first issue we must address in this case is whether the Virginia statute is a counterpart to the Federal First Offender Statute, 21 U.S.C. 844(b)(1). In *Matter of Werk*, Interim Decision 2589 (BIA 1977), we held that when a conviction has been expunged under the provisions of a state statute that is the counterpart of 21 U.S.C. 844(b)(1), that conviction may not be used as a basis for deportability under section 241(a)(11) of the Act. In *Werk*, we extended to expungements under first offender statutes the same rationale we had previously applied to expungements of convictions pursuant to the Federal Youth Corrections Act (18 U.S.C. 5010, et seq.) and its state counterparts. See *Matter of Zingis*, 14 I. & N. Dec. 621 (BIA 1974); *Matter of Andrade*, 14 I. & N. Dec. 651 (BIA 1974). The rationale behind the above statutes was to give qualifying offenders a second opportunity to lead law-abiding lives and that discharge and dismissal under such statutes shall not be deemed conviction of a crime. See H.R. Rep. No. 91–1444, 91st Cong., 2nd Sess., 1970 U.S. Code Cong. & Admin. News 4566, at 4616.

The test for whether the Virginia statute constitutes a counterpart to the Federal First Offender Statute is whether it complies with the Congressional intent to give an offender a second opportunity without having the conviction remain for some state purpose. Thus, in *Matter of Varagianis*, Interim Decision 2537 (BIA 1976), we rejected a respondent's argument that a New Hampshire statute was a counterpart to the

Federal statute because under the New Hampshire law the expunged conviction could be subsequently considered for sentencing in a later conviction and, therefore, the conviction was still operative for some state purpose.

Another limitation on the effectiveness of an expunged conviction for removing deportability is where such expungement is available to all convicts and not limited to a small class such as youthful or first offenders as in the Federal statutes. See *Matter of Moeller*, Interim Decision 2548 (BIA 1976).

After reviewing the Virginia statute we conclude that it is the counterpart to 21 U.S. 844(b)(1). Like the Federal statute the class of offenders eligible for discharge under Virginia Code Section 18.2-251 is limited to first offenders. The operative language in both statutes is very similar. Both statutes state that an offender can only use the statute once, and do not provide for any of the other collateral consequences that would normally folllow a conviction under another statute. See Appendix A.

The second issue we must address is whether the Virginia judge actually complied with the Virginia statute. The Service contends that under the dismissed charge the respondent was incarcerated longer than he would have been under the July 29, 1977, sentence. The Service further points out that the wording of the October 28, 1977, order explicitly stated that the conviction was rescinded and the charges dismissed "for purposes of any deportation proceeding". Thus, the Service contends that the trial judge's action only constituted a recommendation against deportation under section 241(b) of the Act, 8 U.S.C. 1251(b), which is unavailable to those convicted of a drug offense. See generally, Appleman, *The Recommendation Against Deportation*, 58 A.B.A.J. 1294 (1972). Finally, the Service contends that the respondent was ineligible for first offender treatment because his July 29, 1977, guilty plea was a prior conviction.

The time which the respondent had to spend incarcerated as a result of the trial judge's order is not determinative against the respondent. Altogether the respondent was incarcerated for five and a half months. The respondent in *Andrade* served two years in a California Youth Authority institution. See *Matter of Andrade, supra*, at 654. Neither is the fact that the judge intended to defeat the respondent's deportation relevant to this case. In *Rehman v. INS*, 544 F.2d 71 (2 Cir. 1976), the court specifically stated that defeating deportability was a permissible purpose of a state first offender statute. 544 F.2d at 75.

The final argument of the Service that the trial judge lacked jurisdiction to give the respondent first offender treatment is also defective. The trial judge specifically rescinded the respondent's conviction in his October 28, 1977, order. We have held that where a conviction is revoked

and the charge dismissed by a trial judge that conviction cannot be used to sustain a finding of deportability. *Matter of G—*, 7 I. & N. Dec. 171 (BIA 1956). We have also specifically held that when the Service claims that a trial judge lacked authority to dismiss a criminal charge after a conviction, such lack of jurisdiction must be affirmatively shown. *Matter of Sirhan*, 13 I. & N. Dec. 592 (BIA 1970); *Matter of O'Sullivan*, 10 I. & N. Dec. 320, 339 (BIA 1963). Here the Service has submitted no evidence that the trial judge lacked jurisdiction under Virginia law to rescind the respondent's conviction. Furthermore, the prosecution has not challenged the trial judge's rescission and dismissal of the charges which also indicates that the trial judge's actions were proper.

Moreover, since the Congressional purpose behind the Federal Youth Offender Act and the Federal First Offender Act is to give such offenders another change to lead law-abiding lives, without the stigma of a criminal conviction, we must focus on the ultimate consequences to the respondent subsequent to his release and the dismissal of the charges pursuant to Virginia Code Section 18.2–251. The record contains an order signed by Judge E. Ballard Baker of the Circuit Court of Henrico County, Virginia, dated August 15, 1978. The order states that the respondent complied with all conditions imposed by the court and that, therefore, the charge against him was dismissed.

In deportation proceedings the burden is on the Government to prove deportability by clear, convincing, and unequivocal evidence. *Woodby* v. *INS*, 385 U.S. 277 (1966) and 8 C.F.R. 242.14(a). Deportation statutes are to be construed narrowly against the Service. *Barber* v. *Gonzales*, 347 U.S. 637, 642 (1954). Here, the Service has not produced any evidence that the respondent is still subject to any of the collateral consequences normally associated with a prior conviction of a crime. We, therefore, find that the Service has failed to prove by clear, convincing, and unequivocal evidence that the dismissal of the respondent's marihuana charge pursuant to the Virginia First Offender Statute failed to remove the basis for deportability under section 241(a)(11) of the Act. Accordingly, the appeal will be sustained and the deportation proceedings terminated.

ORDER: The appeal is sustained and the deportation proceedings are terminated.

APPENDIX A

Virginia Statute
§18.2-251.

Whenever any person who has not previously been convicted of any offense under this article or under any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs, or has not previously had a proceeding against him for violation of such an offense dismissed as provided in this section pleads guilty to or enters a plea of not guilty to possession of a controlled substance under §18.2-250, the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is a conviction only for the purposes of applying this section in subsequent proceedings. (Code 1950, §54-524. 101:3; 1972, c. 798; 1975, cc. 14, 15; 1976, c. 181.)